SEE AMEND BRF
FILED ON 5/13/15

FILED
*March 2, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# No:03-14-00665-CV

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN, TEXAS

### ERIC DRAKE

*Plaintiff–Appellant*

v.

### KASTL LAW FIRM P.C. ET AL

*Defendant–Appellee*

RECEIVED
MAR 0 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## ON APPEAL FROM THE 200TH DISTRICT COURT TRAVIS COUNTY, AUSTIN, TEXAS

### Trial Court No. D-1-GN-14-001215

## BREIF OF APPELLANT ERIC DRAKE

Eric Drake
Pro-Se
Appellant
PO Box 833688
Richardson, Texas 75083
214-477-9288

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

## Plaintiff/Appellant/Petitioner

Eric Drake
Pro-Se
P.O. Box 833688
Richardson, Texas 75083
(214) 477-9288

## Defendants/Appellee/Respondents

Seanna Willing

Scot Graydon
300 West 15TH Street, Ste 2
Austin, Texas 78701
512-475-4413

David Harris

Carl Ginsberg
300 West 15TH Street, Ste 2
Austin, Texas 78701
Telephone: 512-475-4413

Kristina Kastl

Kastl Law P.C.
4144 N. Central Expressway
Ste 300, Dallas, Texas 75204
Telephone: 214-821-0230

Frank Waite

Vikki Ogden
411 Elm Street, Ste 500
Dallas, Texas 75202
Telephone: 214-653-7568

i

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has requested oral argument pursuant to the appeal filed herein. The Court should grant oral argument for the following reasons:

a). Oral argument would give the Court a more complete understanding of the facts presented in this appeal. See Tex. R. App. P. 39.1(c). This case is comprised of several issues: 1. Issues concerning if an order is obtained by fraud or perjury should it not be vacated. 2. Abuse of discretion by the trial court and failure of the trial court to follow TRCP recusal procedure 18a and 18b. 3. If there is a pending recusal motion filed by a party to a cause of action, whether or not a visiting judge can hear the case and sign orders before the recusal is properly adjudicated and disposed of by the proper judge. 4. Whether Appellee Seanna Willing proved that the Appellant Eric Drake had no reasonable probability of success against her and if Ms. Willing immunity prevented the Appellant from suing her.

b). Oral argument would also allow the Court to better analyze the legal issues presented in this appeal. Oral argument would allow the Court to hear from both sides of these issues and articulation of the statutes.

c). This appeal would benefit from oral argument and significantly aid the Court in deciding this case. See Tex. R. App. P. 38.1(e), 39.1(d).

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

---

## ISSUES PRESENTED FOR REVIEW

---

### ISSUE ONE

Whether or not the August 19, 2014 order signed by Judge Charles Ramsay is valid, and whether or not Judge Ramsay should had recused himself from hearing the August 19, 2014 hearing to declare the Appellant a vexatious litigant.

### ISSUE TWO

Whether or not Seanna Willing failed to prove that the Appellant could not prevail against her pursuant to the evidence that she submitted to the trial court on August 19, 2014. Trial Court abused its discretion by finding that Appellant had no reasonable probability of prevailing.

iii

## ISSUE THREE

Whether or not Warren Vavra had the proper legal authority to appoint Judge Charles Ramsay to rule on Seanna Willing August 19, 2014 hearing.

## ISSUE FOUR

Whether or not Judge David Phillips and Judge Stephen Yelenosky orders of recusals and referrals should be vacated.

## ISSUE FIVE

Whether or not the trial court complied with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Tex. R. Civ. Prac., Rule 18a and 18b of the Texas R. Civ. Procedure and other state laws and statutes.

## ISSUE SIX

Whether or not the trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant.

## ISSUE SEVEN

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through fraud, deception and perjury by Scot Graydon an assistant attorney general.

## ISSUE EIGHT

Whether or not the trial court abused its discretion and erred when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code.

## ISSUE NINE

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because there was a pending motion for recusal filed by the Appellant motion to recuse had not been referred to the administrative law judge and ruled on as required by the Tex. Rules of Procedure.

## ISSUE TEN

Whether or not the trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective.

## ISSUE ELEVEN

Whether or not the trial court erred and abused its discretion in not ruling on Appellee Willing's plea to jurisdiction, or dismissing Willing as a defendant, and allowing Willing to file affirmative action when claiming immunity.

ISSUE ONE:

The order signed by Judge Charles Ramsay is not valid. Appellant objected to Judge Ramasy appointment on the day of the hearing, thus he should have recused himself from hearing the August 19, 2014 hearing . . . . . . . 16

ISSUE TWO:

Appellee Seanna Willing failed to prove by and through evidence submitted to the trial court that was entered into evidence that the Appellant could not prevail against her at the August 19, 2014 hearing . . . . . . . . . . . . . . . . . 19

ISSUE THREE:

Warren Vavra did not have the legal authority to appoint Judge Charles Ramsay to hear the August 19, 2014 hearing . . . . . . . . . . . . . . . . . . . . . . 28

ISSUE FOUR:

Judges David Phillips and Stephen Yelenosky orders of recusal and referral should be vacated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

ISSUE FIVE:

The trial court failed to comply with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Texas Rule of Civil Procedure, and other state laws and statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

ISSUE SIX:

Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant . . . . . . . . . . . . . . . . . . . . . . . . 52

ISSUE SEVEN:

The August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through fraud, deception and perjury by Scot Graydon an assistant attorney general . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

ISSUE EIGHT:

Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

ISSUE NINE:

Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because the trial court district judges had not responded or acted on Appellees jurisdictional issues or Appellant's special exceptions prior to assigning Appellee Willing motion to declare Drake a vexatious litigant and prior to actually signing of the motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

**Issue Ten:**

Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective . . 68

**Issue Eleven:**

The trial court erred and abused its discretion in failing to rule on Appellee Willing's plea to jurisdiction, before allowing Willing to file affirmative action when claiming immunity. If the trial court accepted Willing's immunity, it should have dismissed Willing as a defendant. But Appellee Seanna Willing's alleged immunity did not apply . . . 73

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

# INDEX OF AUTHORITIES

**Cases**                                                          **Page**


Mitchell Energy Corp. v. Ashworth
     943 S.W.2d 436, 438 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . 16, 17, 18


In re Union Pacific Resources Co.,
     969 S.W.2d 427, 428 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . 17, 46


Federal Sign v. Texas S. Univ.,
     951 S.W.2d 401, 405 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . 75


In re Perritt,
     992 S.W.2d 444; 1999 Tex. Lexis 42 Tex. Sup. J. 574 . . . . . . . . . 18


IT–Day,
     74 S.W.3d at 855 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75


Tex. Educ. Agency v. Leeper,
     893 S.W.2d 432, 37 Tex. Sup. Ct. J. 968 (Tex. 1994) . . . . . . . . . 75


Printing Indus.,
     600 S.W.2d at 265-66 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75


Texas Workers' Compensation Comm'n v. Garcia,
     862 S.W.2d 61, 72 (Tex. App.--San Antonio 1993) . . . . . . . . . . . 75

## INDEX OF AUTHORITIES

**Cases**                                                                                  **Page**

Browning v. Prostok,
     165 S.W.3d 336, 346 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Austin Indep. Sch. Dist. v. Sierra Club,
     5 S.W.2d 878, 881 (Tex. 1973).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Easterline v. Bean,
     121 Tex. 327, 49 S.W.2d 427, 429 (1932) . . . . . . . . . . . . . . . . . 53

Mapco, Inc. v. Forrest,
     795 S.W.2d 700, 703 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . 53

Jeter v. McGraw,
     218 S.W.3d 850, 853 (Tex. App.--Beaumont 2007, pet. denied) 53

Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
     852 S.W.2d 440, 445 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . 53

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

Fed. Underwriters Exch. v. Pugh,
    141 Tex. 539, 174 S.W.2d 598, 600 (1943) . . . . . . . . . . . . . . . . . 53

In the Guardianship of Erickson,
    208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, orig. proceeding)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

In the Estate of Bean,
    120 S.W.3d 914, 919 (Tex. App.—Texarkana 2003) . . . . . . . . . 53

Devoil v. State of Texas,
    155 S.W.3d 498; 2004 Tex.App. Lexis 10473 . . . . . . . . . . . 19, 61

Drake v. Andrews,
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 20, 23, 26, 51

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

In re Complaint on Judicial Misconduct,
U.S. Court of Appeal for the 9th Cir., 647 F.3d 1181; 2011 U.S. Lexis
10438 ........................................22

In re Norman,
S.W.3d 858, 860 (Tex. App.- Houston [14th Dist.] 2006, orig.
proceeding) ........................................ 35

Norman,
191 S.W.3d at 861 ................................. 38, 41

Brousseau v. Ranzau,
911 S.W.2d at 892 ................................. 38

Greenberg, Benson, Fisk & Fielder v. Howell,
685 S.W.2d 694, 695 (Tex. App.-- Dallas1984) .............. 47

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

Texas State Employees Union/CWA Local 6184 v. Texas Workforce,
No. 3-99-171-CV, slip op. at 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Lamberti v. Tschoepe,
776 S.W.2d 651, 652 (Tex. App.--Dallas 1989, orig. proceeding) . 48

McLeod v. Harris,
S.W.2d at 773 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 40, 52

In re Kiefer,
No. 05-10-00452-CV, 2010 Tex. App. LEXIS 4268, 2010 WL
2220588 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 47

In re Healthmark Partners, L.L.C.,
14-04-00743-CV, 2004 Tex. App. LEXIS 7636, 2004 WL 1899953,
(Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig . . . . . . . . . 41

Univ. of Tex. Med. Sch. at Houston v. Than,
901 S.W.2d 926, 929, 38 Tex. Sup. Ct. J. 910 (Tex. 1995) . . . . . . 75

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

In re Rio Grande Valley Gas Co.,
     987 S.W.2d 167, 179-80 (Tex. App.—Corpus Christi 1999, orig.
     proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 50

Arnold v. State,
     853 S.W.2d 543, 544 (Tex. Crim. App. 1993 . . . . . . . . . . . . . . . . 41

Ex parte Sinegar,
     324 S.W.3d 578, 2010 WL 4320399, (Tex. Crim. App. 2010 . . . . .41

In re Prudential,
     148 S.W.3d at 135 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Bruno v. State,
     916 S.W.2d 4, 7 (Tex. App.—Houston [14th Dist.] 1995, no pet) . 43

Goss v. Lopez,
     419 U.S. 565, 574, 95 S. Ct. 729, 736, 42 L. Ed. 2d 725 (1975)) . 75

State v. Benavides,
     772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989) . . . . . . 75

# INDEX OF AUTHORITIES

**Cases**                                                                  **Page**

In re Richard Castillo,
     1998 Tex. App. El Paso, Lexis 2473 . . . . . . . . . . . . . . . . . . . . . . . . 43

Douglas v. American Title Co.,
     (App. [1st Dist]), 2006, 196 S.W.3d 876 . . . . . . . . . . . . . . . . . 14, 26

Mullins v. Ortiz,
     (App. [10th Dist], 2009, WL 2264347 . . . . . . . . . . . . . . . . . . . . . 14

Martin v. Sykes,
     25 Tex. Supp., 198 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

McMurray v. McMurray,
     67 Tex. 665; 4 S.W.357; 1887 Tex. Lexis 943 . . . . . . . . . . . . . . 56

Heath et al v. Layne et al,
     Supreme Court, 62 Tex. 686; 1884 Tex. Lexis 312 . . . . . . . . . . . 56

# INDEX OF AUTHORITIES

**Cases**                                                                      **Page**


Lee v. Killian,
     761 S.W.2d 139; 1988 Tex. App. [2nd] Lexis 3173 . . . . . . . . . . . 56


Green v. Chandler,
     25 Tex. 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57


History Co. v. Flint, 4 Willson,
     App. §224, 4 Tex. Civ. Cas. 364, 15 S.W. 912 . . . . . . . . . . . . . . 57


Drinkard v. Ingram,
     2 Tex. 650, 73 Am. Dec. 250 . . . . . . . . . . . . . . . . . . . . . . . . 57


Johnston v. Loop,
     2 Tex. 331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57


Bankers v. Calhoun,
     (Tex. Civ. App.) 209 S.W. 826 . . . . . . . . . . . . . . . . . . . . . . . 57

# INDEX OF AUTHORITIES

**Cases**                                                                **Page**

Walling v. Metcalfe,
     863 S.W.2d 56, 57, 37 Tex. Sup. Ct. J. 18 (Tex. 1993). . . . . . . . . 56

Stanfield v. O'Boyle,
     462 S.W.2d 270, 272 (Tex. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . 58

Stone v. Williams,
     358 S.W.2d 151 (Tex. Civ. App.—Houston 1962) . . . . . . . . . . . . 58

Stephens v. Turtle Creek Apartments, Ltd.,
     875 S.W.2d 25, 26 (Tex. App—Houston [14th Dist.] 1994, no writ) . .
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Texas Dep't of Parks & Wildlife v. Miranda,
     331 S.W. 3d 217, 226 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 65

University of Tex. V. Poindexter,
     306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.) . . . . 65

| Cases | Page |
| --- | --- |

Cameron v. Children's Hosp. Med., Ctr.,
131 F.3d 1167, 1170 (6th Cir. 1997)) . . . . . . . . . . . . . . . . . . . . . . 65


Martin v. National Instruments Corp.,
Court of Appeals, [3rd Dist.] 2013 Tex. App. Lexis 7021 . . . . . . 65


Venable v. Sherbet,
Court of Appeals, [5th Dist.] 365 S.W.3d 359; 2010 Tex. App. Lexis
9083 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66


City of Austin v. Savetownlake.Org,,
Court of Appeals of Texas, [3rd Dist.] Austin 2008 Tex. App. Lexis
6471 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66


Amir-Sharif v. Quick Trip Corp.,
(App. [5th Dist.]) 2013, 416 S.W.3d 914 . . . . . . . . . 25, 26, 51, 62


In re Guilbot,
2009 (Tex. App.—Houston [14th Dist.] no pet) . . . . . . . . . . 32, 43


Wanzer v. Garcia,
2009, (Tex. App. [4th Dist.] 299 S.W.3d 821 . . . . . . . . . . . . . . . . 14

City of Friendswood v. Registered Nurse Care Home,
     965 S.W.2d 705, 707 (Tex. App.--Houston [1st Dist.] 1998)...75

Brown v. Ke Ping Xie,
     260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, pet.
     denied)........................................................75

## STATUTES

Tex. R. Civ. P., 18a and 18b ...... xix, xxii, 3, 15, 29, 30, 34, 35, 37, 38,
39, 40, 43, 44, 45, 47, 48, 49

Article V, Section 11 of the Texas Constitution ...................22

Tex. Gov't Code Ann. § 74.053(b) (1998) ........ 17, 18, 28, 29, 40, 51

Chapter 11 of the Tex. Civ. Prac. & Rem. Code .. xix, xxii, 11, 16, 18, 20
23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 58

Tex. Gov't Code Ann. § 25.00255(f) ...........................37

The Uniform Declaratory Judgment Act (UDJA) ...................76

U.S. CONST. amend. XIV ...................................76

TEX. CONST. Art. I, § 19 ...................................75

42 U.S.C. 1983 ...........................................73

**TO THE HONORABLE COURT OF APPEALS:**

Now comes, Eric Drake (Drake), Appellant, and files this his Appellant's Brief and would show:

There is only one volume of Clerk's Record in this appeal. Appellant shall cite to the Clerk's Record as (**CR**) followed by the number of the page(s) assigned by the Clerk. In addition, Appellant shall cite to the Recorders Record as (**RR**) followed by the number of the page(s) assigned by the Clerk.

## APPELLANT'S BRIEF

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:**

Appellant, Eric Drake ("Drake"), submits his Appellant's Brief.

## STATEMENT OF THE CASE

TO THE HONORABLE JUSTICES OF SAID COURT:

Appellant filed suit against Kastl Law Firm, Carl Ginsberg, Seanna Willings, and Vikki Ogden alleging the following: Against Kastl Law Firm: conspiracy, malpractice, common law fraud, fraud by nondisclosure, negligent misrepresentation, breach of contract, breach of standard of care, violations of the DTPA, and Unjust Enrichment. Appellant alleged against Vikki Ogden the following: Breach of Standard of Care, Conspiracy, Negligent Misrepresentation, and Fraud by Nondisclosure and Common-Law fraud. Appellant requested injunctive and declaratory relief form Carl Ginsberg, Court Reporters Certification Board, and Seanna Willings.

The trial court judges conspired together to deny Appellant Motion to Compel. Appellant filed a motion to recuse all of the judges because he believed that there was no possibility in obtaining a fair hearing by any of

1

the trial court district judges. Drake filed a motion for nonsuit to escape the emblematically thugs in black robes who have used their judicial powers to rule in favor for white attorneys or Austin's AG in Drake suit. Appellee Willing filed a motion to declare Appellant a vexatious litigant. Appellant arrived at the Travis County court believing that his case was nonsuited to obtain a copy of the document only to discover that Seanna Willing demanded a hearing on their motion to declare Drake as a vexatious litigant.

Warren Vavra appointed a visiting judge (Judge Strauss) whom the Appellant objected to and then appointed another visiting judge (Charles Ramsay) whom the Appellant likewise objected to but Judge Ramsay refused to recuse himself and heard Seanna Willings motion.

On August 19, 2014, even though Appellant Drake objected to Ramsay's he continued to preside over Seanna Willing's wrongful actions to declare Appellant Drake as a vexatious litigate. Judge Charles Ramsay does not qualify as a retired judge but as a former judge. His appointment was in error because none of the judges that the Appellant recused had acted on their recusals or referrals by the time Ramsay was appointed and ruled.

Appellant filed a motion to recuse all of the district judges in Travis County because of unfairness that he received when three judges conspired

together to have an order signed by one of the defendants dismissing his motion to compel hearing on August 7, 2014. None of the judges responded to Appellant's motion to recuse, they did not recuse or refer.

On August 19, 2014 a district judge signed a referral, pursuant to Drake's Motion to Recuse, but it came too late after Judge Ramsay had been wrongfully appointed to hear Appellees motion to declare Appellant as a vexatious litigate and had ruled on the motion. Defendant's motions to quash depositions and subpoenas to testify at the hearing were not ruled on. Appellant has a right to have witnesses at Willing's hearing to declare him vexatious. Ramsay violated Drake's due process rights, and he did so knowingly because Drake informed Ramsay of these violations.

Trial court district judges and Ramsay violated Tex. R. Civ. P. 18a and 18b, and Chapter 11 of the Texas Civ. Prac. Rem. & Code. Judge Ramsay granted Appellee Motion to Declare Appellant as a vexatious litigate in light of all of the aforementioned violations, and Signed and Enter the Order without having a hearing on Drake's motion to recuse, or defendant's motions to transfer or having a ruling on the motions to transfer, or defendant's motion to quash or without having a hearing on defendant's motion to transfer, without having authority to hear Appellees motion

3

because he was not properly appointed or assigned, did not have the right to refuse Drake's objection of his presiding and hearing Appellees Motion to Declare Appellant as a vexatious litigant.

On August 19, 2014, after an evidentiary hearing during which Appellant was prohibited from securing the witnesses he had subpoenaed, and in light of the fact that Appellee Seanna Willing did not submit to the trial court sufficient evidence which would have proved that there was not a reasonable probability that Appellant would not have been successful against herself and each defendant in Drake's suit, being that Appellant was asking for an injunction and declaratory judgment against Appellee Willing and Ginsberg, and Appellee Seanna Willing failed to prove that the Appellant would not be successful against her. Scot Graydon only offered hearsay evidence to the trial court. Judge Ramsay wrongfully granted Appellees Seanna Willing Motion to Declared Appellant as a Vexatious Litigate.

On September 15, 2014, Appellant filed a Mandamus with this Court, but the Court denied Drake's mandamus wrongfully. Appellant then filed a motion for rehearing and a motion to recuse two of the justices on September 26.2014. This Court also overruled those motions wrongfully. Appellant filed a Mandamus with the Texas Supreme Court, however, the

Supreme Court of Texas would not accept Appellant's mandamus for the reason that he had not obtained permission with the local administrative judge. Appellant attempted to obtain permission but Judge Lora Livingston, who is the Travis County Local Administrative Judge refused to respond to the Appellant's requests. Judges Charles Ramsay and Lora Livingston and other trial court judges in Travis County will become defendants in an upcoming federal lawsuit. Moreover, no administrative judge ruled on the "late" referrals or recusals filed by one district judge and one county judge. This case has been a clear violation of the Appellant's rights and of Texas law, due process, the Texas Constitution, and federal laws.

## II.
## STATEMENT OF FACTS

A. **Pre-Trial History of this litigation.**

**BRIEF HISTORY OF EVENTS PRIOR TO FILING SUIT IN TRAVIS COUNTY:**

A. **On December 20, 2013,** Appellant filed suit against Kastl Law PC, Kristina Kastl, (the owner of Kastl Law) and Vikki Ogden. Appellant alleged a malpractice claim against Kastl Law and Kristina Kastl and that Vikki Ogden, court reporter for the County Court of Law Number 5, conspired with Kastl to change a transcript where Kastl perjured herself under oath several times, thus putting her law license at risk. Appellant filed discovery seeking to depose Kristina Kastl, and she filed a motion to quash. Appellant filed a motion to compel January 21, 2014. Judge Ginsberg canceled Appellant's motion to compel without cause on January 3, 2014. However, after the judge dismissed the case an order appeared in the file stating, "the motion was filed by submission," but it wasn't because Appellant had secured a court date for the hearing. Thereafter, the judge somehow finds an old order and declares Appellant as a vexatious litigate without a hearing, demanding that Appellant obtain permission. Judge Carl Ginsberg

6

finally dismisses Appellant lawsuit on March 26, 2014 and deemed Appellant as a vexatious litigate and delivered an order to the clerks at the Dallas County courts. However, judge Ginsberg's order came too late and is considered moot because Appellant took immediate action to preserve his suit against Kastl and Ogden by filing a motion for nonsuit.

## FILING SUIT IN TRAVIS COUNTY:

B. **On April 28, 2014,** Appellant filed suit in Travis County against several defendants, some of which he filed against in Dallas County and they are: Judge Carl Ginsberg, Kristina Kastl, Kastl Law firm, Vikki Ogden, Court Reporters, and Seanna Willing. Again, Appellant moved forward with discovery and the defendants (each and every one of the defendants) filed motions to quash, motion to transfer, and notices to the trial court that Appellant was an alleged vexatious litigate.

C. **On June 17, 2014,** Defendant Carl Ginsberg files a motion to transfer and a motion to declare Appellant as a vexatious litigate.

D. **On July 3, 2014,** Defendant Vikki Ogden filed a motion to transfer and notice of vexatious litigate order.

**E. On July 11, 2014,** Defendant Kastl Law PC filed a motion to transfer and notice of vexatious litigate order.

**F. On July 15, 2014,** Defendant Carl Ginsberg filed a motion to quash deposition and protection.

**G. On July 16, 2014,** Defendant Kastl filed a motion to quash deposition and protection.

**H. On July 16, 2014,** Appellant filed a motion to continue to obtain limit discovery to properly respond to defendant's motions to transfer.

**I. On July 16, 2014,** Appellant filed a motion for evidentiary hearing.

**J. On July 17, 2014,** Defendant Vikki Ogden filed a motion to quash deposition.

**K. On July 24, 2014,** Appellant filed a motion to compel to try and obtain limited discovery in the Travis County lawsuit. Appellant set a hearing on matter and on August 7, 2014, Appellant appeared in Travis County for the hearing. Assistant attorney general Scot Graydon quarterbacked getting an order signed to deny the Appellant's motion to compel that Kastl had presented to the trial court. Assistant attorney general Scot Graydon instructed Kastl's employee to get the order signed by judge Orlinda Naranjo while

Appellant was waiting in judge Amy Meachum's court for his motion to compel to be heard. Thereafter judge Tim Sulak advised Appellant that he couldn't hear his motion to compel because of an order that was just signed.

L. **On August 7, 2014,** Appellant filed a motion to recuse all of the district judges as a result of judges Meachum, Sulak and Naranjo's behavior, Appellant understood that it would be impossible to obtain an impartial hearing or trial when judges conspire together to defeat a motion. This action by the district judges was similar to judge Ginsberg actions in Dallas County, dismissing his motion to compel without a hearing.

M. **On August 19, 2014,** Appellant was at the court to get a copy of an order of his motion for nonsuit. To Appellant's surprise, Appellee Willing motion to declare him as a vexatious litigate was still going to be heard because Scot Graydon demanded it, though the judges opinion that the lawsuit was dismissed. Appellant objected to the assignment of judges, and objected to the proceeding but the trial court moved forward with the hearing. During the hearing, Scot Graydon lied to the trial court claiming that he had conference with

9

Appellant regarding his motion to declare him as a vexatious litigant. But Scot Graydon did not confer with Appellant and violated local rules. Ramsay continued to hear the motion in light of the fact that proper procedure had not been observed. After Appellant filed his motion to recuse, even if the recusal is defective, it must be referred or the judge must recuse. The judge cannot do nothing. Yet this is what all of he judges did in Travis County—nothing. On August 19, 2014, a district judge filed into the trial court's record a referral and a County judge a recusal, but these orders came too late and was defective. Judges filing a recusal and referral after the Ramsay had been assigned will not cure the blatant disregard for proper procedure and ethics by the judges in Travis County. Moreover, the defendant's motions to transfer had not been ruled on or decided at the time the Ramsay ruled on Appellee Willing motion to declare Appellant as a vexatious litigant. The defendant's motions to quash had not been ruled on or decided at the time the Ramsay ruled on Appellee Willing motion. The defendant's motions in objection to jurisdiction or plea to jurisdiction had not been ruled on or decided at the time the Ramsay ruled on Appellee Willing motion to declare Appellant as a vexatious

litigant. Ramsay could not had been properly assigned because the court administrator, Warren Vavra has no authority to assign judges, but that authority comes from the administrative law judge. Warren Vavra is not a judge. Furthermore, the judges the Appellant recused had to act within three (3) days as the Tex. R. Civ. P. Appellant filed his motion to recuse on August 7, 2014 and there was no entry in the record of a referral or recusal of any of the judges on by mid-afternoon on August 19, 2014, until the Appellant argued that the assignment of the Ramsay was improper because the judges had to act on Appellant's motion to recuse. Appellant obtained a certified copy of the docket sheet to make sure of the record. Ramsay assignment was during the period when no judge had acted on Appellant's motion to recuse, thus Ramsay had no authority or jurisdiction to hear the Appellee Willing motion to declare the Appellant as a vexatious litigant. Thus, Ramsay order signed on August 19, 2014 is therefore void and should be vacated.

**B.** **Post Judgment.**

On August 19, 2014, the trial court signed an order in this matter in favor of Appellee. Appellant filed his notice of appeal on September 18,

11

2014 but that document disappeared from the trial court's records. Appellant properly and timely filed his notice for appeal on September 18, 2014, however, since his September 18, 2014 notice of appeal disappeared and his September 19, 2014 notice of appeal that he sent by U.S. Mail disappeared Drake was compelled to filed yet another notice of appeal on October 19, 2014. Appellant believes that someone at Travis County is guilty of federal violations of mail tampering, interstate conspiracy, and other federal violations.

On September 15, 2014 Appellant filed his Petition for Writ of Mandamus. The third court of appeals denied the writ in two days. Appellant filed a Motion for rehearing and Motion to Recuse two of the justices on September 26, 2014. Those motions were overruled by the third Court of appeals. On October 15, 2014 the Appellant filed his Petition for Writ of Mandamus with the Texas Supreme Court, but the court refused to file the writ because Appellant had not obtained permission from the administrative law judge, although Drake tried aggressively to obtain permission. The result will be a lawsuit against many judges in Travis County, 3rd Court Appeals justices, newly elected governor, federal judges, and all defendants in the Travis County original suit, Tex. assist attorney generals and others.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to section 22.221 of the Texas Government Code. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004).

13

## III.
## ARGUMENT

A.   **Standard of Review**
     **Chapter 11—Texas Civil Practice & Remedies Code.**

Court of Appeals review trial court's determination of vexatious litigant as abuse of discretion. *Wanzer v. Garcia* (App. [4th Dist.]) 2009, 299 S.W.3d 821. *Douglas v. American Title Co.* (App. [1st Dist], 2006, 196 S.W.3d 876. *Mullins v. Ortiz,* (App. [10th Dist]), 2009, WL 2264347.

Pursuant to Tex. Civ. Prac. & Rem. Code § 11.054, a court may find a "plaintiff" as a vexatious litigant if the defendant shows in a seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, that plaintiff has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the plaintiff. However, a defendant must first satisfy the requirement in section 11.054 of Chapter 11 of the Tex. Civ. Prac. & Rem. Code; by showing there is not a reasonable probability that the plaintiff will prevail in the litigation. *In re Douglas,* Court of Appeals of Tx., [First Dist.] Houston, 333 S.W.3d 273; 2010 Tex. App. Lexis 7338; *Drake v. Andrews.*

14

If a party is claiming immunity, as in Appellee Seanna Willing case, that immunity is not absolute; not even for judges.

According to the Supreme Court, a former judge, who is not a retired judge, is a judge who has not vested under the state judicial retirement system when she left office.

A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire V. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

**B.    Standard of Review.**
**Rule 18a and 18b—Texas Rules of Civil Practice**

The denial of a motion to recuse is reviewed under an abuse of discretion standard. See Tex. R. Civ. P. 18a(f). The standards are set by the Supreme Court of Texas in *Dolgencorp Tex. Inc., v. Lerma*, 288 S.W. 3d 922, 926 (Tex. 2009).

**D. ISSUE ONE:**

**The order signed by Judge Charles Ramsay is _not_ valid. Appellant objected to Judge Ramasy appointment on the day of the hearing, thus he should have recused himself from hearing the August 19, 2014 hearing.**

On August 19, 2014 Appellant objected to Judge Strauss who was appointed to hear Appellee Willing's motion to declare Appellant as a vexatious litigant (**RR: Vol 1, P: 5, L: 2–11**). Thereafter, Warren Vavra, who had no authority to assign judges, assigned yet again another judge, [Charles Ramsay] to hear Appellee Willing's motion to declare Appellant as a vexatious litigant. Drake also objected to Judge Ramsay on the record (**RR: Vol 3 of 4, P: 10, L: 14–25; P: 11, L: 1—25; P: 12, L: 1—23**).

Appellant objection to Ramsay before he began presiding over Willing's motion to declare Appellant as a vexatious litigate. Judge Ramsay chose to continue to preside over the August 19, 2014 motion hearing, rather than recuse himself (**RR: Vol 3 of 4, P: 15, L: 2–3**). Moreover, Judge Ramsay is not considered a "retired judge." A "retired" judge is a judge receiving an annuity under the Texas Judicial Retirement System. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To receive such an annuity, a judge must meet requirements about either the length of service or service plus age. *Id.* Judge Ramsay is considered as a

16

former judge. According to the Supreme Court, a former judge, is a judge who has not vested under the state judicial retirement system when she left office. *See Mitchell Energy*, 943 S.W.2d at 438-39. Any later-acquired status will not remove the judge from the category of former judges, i.e, those who may be removed by objection of either party under Section 74.053(d). *Id.*

Judge Ramsay was disqualified to proceed over Willing's motion to declare Appellant vexatious for all the reasons asserted in this brief. Appellant may raise Ramsay's qualifications for the first time on appeal. *In re D.C. Jr., 2010 WL 3718564* (Tex.App.—Amarillo 2010, no pet).

Under the Tex. R. Civ. P. a former judge can be objected to as many times as a party desires. When the Appellant objected to Judge Ramsay and he failed to recuse himself or remove himself from presiding over the Appellees motion to declare the Appellant as a vexatious litigant, the order signed on August 19, 2014 is void and should be vacated. **(CR: Vol. 1 of 1, P: 547—555).** Moreover, the trial court erred in that the Appellant received no prior notice of Judge Ramsay's appointment before the hearing date.

When a proper objection under section 74.053 is filed, but the objectionable judge refuses to remove himself from the case, the objecting party is entitled to appellate relief. *See In re Union Pacific Resources Co.,*

17

969 S.W.2d 427, 428 (Tex. 1998) (citing *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 440-41; *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218, 221 (1947)).

Judge Ramsay, who qualifies as an "former judge" was objected to before he began to hear the Appellees Motion to declare Appellant as a vexatious litigate, as such he should have recuse himself or removed himself from presiding over the motion on August 19, 2014. *In re Perritt*, Supreme Court of Texas, 992 S.W.2d 444; 1999 Tex. Lexis 42 Tex. Sup. J. 574.

Section 74.053(d) permits ***unqualified objections*** to the assignment of any former judge, such as the Judge Ramsay. See *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex. 1997). A judge's status is fixed when a judge leaves office. *Mitchell Energy Corp.*, 943 S.W.2d at 437. Thus, a former judge, who accumulates additional service time as a visiting judge and subsequently retires, does not become a retired judge for purposes of Section 74.053.

As equally as important: the trial court's record contains no order from a judge, ordering the assignment of Judge Charles Ramsay to hear Appellee Willing's motion to declare Appellant a vexatious litigant prior to the August 19, 2014 hearing.

18

E. ISSUE TWO:

Appellee Seanna Willing failed to prove by and through evidence submitted to the trial court that was entered into evidence that the Appellant could not prevail against her at the August 19, 2014 hearing.

Appellant's cause of action against Appellees Seanna Willing was not based on the same or substantially similar facts, transition, or occurrence, which is required by section 11.054. *Devoil v. State of Texas,* 155 S.W.3d 498; 2004 Tex.App. Lexis 10473. Appellee Willing did not establish for the trial court that Appellant could not prevail in his lawsuit against her. Scot Graydon, counsel for the Appellees provided no proof that Appellant could not be successful against Willing. In light of Appellant's attempts to obtain limited discovery through depositions and his attempts at subpoenas to have same witnesses to testify, which the trial court never addressed those issues, nor did any judge (CR: Vol 1, P: 159—172), CR: Vol 1, P: 206—209), (CR: Vol 1, P: 245—255), (CR: Vol 1, P: 239—242), (CR: Vol 1, P: 219– –223). Appellees did not prove that Appellant did not have a reasonable probability of prevailing; counsel for the Appellee Willing just made the statement, *"Appellant have no probability of prevailing"* to the trial court without sworn affidavits or proof of any kind which does not satisfy Chapter

19

11 of the Tex. Civ. Rem Code, 11.054. *Drake v Andrews* (RR: Vol 1, P: 5, L: 2–11) and referred to Willing's immunity. Appellant has uncontroverted proof to offer any trial court that Appellee Willing failed to investigate his case against Judge Martin Hoffman properly. Considering the fact that the Appellant was requesting an injunction and declaratory judgment against Appellee Willing in her official capacity, which is allowed, she horribly failed to prove the first prong in declaring Appellant a vexatious litigant, as Andrews did in *Drake v. Andrews*. But that evidence was prevented from being offered into evidence because the trial court erred by not addressing the pending motions to quash that prevented Appellant from obtaining limited discovery. Appellant also filed suit against Willing as a "person" or individual capacity and asked for damages. *Brown v. Brown.*

Scot Graydon advised the trial court that Appellant had already been declared a vexatious litigant by another court, which is partly true. Mr. Graydon just failed to inform the trial court that the 5th court of appeals in Dallas overturned that order. This failure to be completely truthful wasn't an error on part of the Appellee Willing or her attorney, but it was to accomplish their task of labeling Appellant as a vexatious litigant at any cost, even at the expense of lying, misleading the trial court, and perjury.

Defendant Carl Ginsberg, a district judge in Dallas County, denied Appellant's motion to compel the discovery against Kastl and Ogden. The judge filed a notice that Appellant was a vexatious litigate, and then ordered Appellant to seek permission before going forward. Thereafter Ginsberg dismissed Appellant lawsuit against Kastl and Ogden. However, Appellant Drake dismissed his case before Ginsberg's order (CR: Vol 1, P: 576-590). The judge in a lawsuit cannot raise the issues of whether a "plaintiff" is vexatious as Ginsberg in Drake's case without holding a hearing. It is the defendants who must make this motion. Because Ginsberg dismissed Appellant's case and it was involuntarily done, the dismissal superseded the vexatious litigate order signed by Ginsberg.

Appellant provided Appellee Willing with uncontroverting evidence that clearly demonstrated that judge Martin Hoffman treated the Appellant differently than he did white attorneys. This evidence was provided to Appellee Willing in the form of a magnetic tape recording—in person. Yet, Willing made the comment to Appellant with such evidence, "Who could say a good word about your character." The Appellant's character was not the subject to be scrutinized but it was judge Martin Hoffman's behavior in the courtroom and his desire to purposely harm the Appellant cases.

21

Appellant filed a motion to recuse and disqualify Hoffman. A hearing was conducted. And an officer of the court Robert Goodman Jr., testified that Hoffman was hostile toward Appellant.

The grounds for recusal and disqualifications are set out in Article V, Section 11 of the Texas Constitution. Disqualification in a civil case is permissible, and required, whenever the judge: 1). Is interested in the outcome of the case. Hoffman was not only interested in the outcome; he made sure that the Appellant's cases before him were ruled against the Appellant. In fact, Hoffman committed a crime in one of the Appellant's claims against Travelers Insurance Company by facilitating or aiding obstruction of justice. Hoffman failed to recuse himself for improper purposes. *In re Complaint on Judicial Misconduct*, U.S. Court of Appeal for the 9th Cir., 647 F.3d 1181; 2011 U.S. Lexis 10438. The Appellant's complaint that he filed with Appellee Willing contained uncontroverting evidence; Willing did not find it necessary to act on Appellant's complaint.

Pursuant to Chapter 11 of the Tex. Civ. Prac. & Rem. Code, Appellee Willing failed to comply with Section: 11.054. CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable proba-

22

bility that the plaintiff will prevail in the litigation against a "defendant." Appellee Willing provided sufficient evidence to the trial court that Drake would not prevail in his suit against her. Willing provided no affidavits, no sworn statements, and no witness testimony. As explained herein, the Appellant was suing Seanna Willing in her official capacity and individual capacity. Appellee Willing was so focused on Appellant's litigation history that she failed to prove the first prong under Chapter 11 of the Tex. Civ. Prac. & Rem. Code. *Drake v. Andrews*.

Notwithstanding, Appellant was not attempting to relitigate any claims against Appellee Willing, nor was there any proof provided to the trial court of that fact. Appellee Willing did not appear as a witness against Appellant to testify, nor did she provide any affidavits, or sworn statements of any kind to offer the trial court. Willing only advised the trial court that she had sovereign immunity (**RR: Vol 3 of 4, P: 26, L: 23**), however, even judges can be sued and they also enjoy sovereign immunity. This in itself does not prove that the Appellant did not have the ability to prevail against Appellee Seanna Willing because Drake was seeking an injunction against Appellee Willing. Appellee also failed to show the trial court by case law that a person that has sovereign immunity is immune against injunctive

23

or declaratory relief. Similar to the Andrews case, counsel for Willing focused on Appellant's litigation history, which many of the cases presented to the trial court had been settled or did not qualify under Chapter 11 of the litigation history. Appellee Willing failed to prove the *first* prong under Chapter 11 of the Tex. Civ. Prac. & Rem. Code.

Appellant argued to the trial court that because of violations of due process, he was prevented from proving his case against any of the defendants **(RR: Vol 3 of 4, P: 31, L: 8—13) (RR: Vol 3 of 4, P: 31, L: 23—25, and P: 32, L: 1—9)**. Appellant makes the same argument before this Court. Appellant advised the trial court that Appellee Willing failed procedurally, in that Willing would have to prove that all of the defendants that the Appellate filed suit against were equally frivolous or in this case. Appellee Willing failed procedurally to bring her motion against Drake. **(RR: Vol 3 of 4, P: 32, L: 14—22), (RR: Vol 3 of 4, P: 38, L: 7—8)**. Appellant cautioned the trial court that it failed to follow procedure and the Texas Rules of Civil Procedure **(RR: Vol 3 of 4, P: 39, L: 4—17)**. Appellee Willing advise the trial court of a case that Appellate filed in Dallas County, DC-13-14911, that the Appellant has already shown was properly dismissed by Drake before the judges actions **(RR: Vol 3 of 4, P: 47, L: 10—19)**.

24

But as in the *Andrews* case, the Appellee Willing failed to meet the first prong. If given the opportunity to orally examine Appellee Seanna Willing, with the evidence that the Appellant has in his possession, it would be proven without a doubt that Appellee Willing should not be allowed to investigate any other complaints filed by the Appellant. This is the reason why Willing, Kastl, and Ogden filed motions to quash. But the trial court assisted them by conspiring together to block the Appellant from obtaining discovery by denying Appellant's motion to compel hearing on the day of the hearing for his motion to compel (**CR: Vol 1, P: 219–223), (Vol 2 of 4, P: 8, L: 10—25, and P: 9, L: 1—20)**, where the trial court judges conspired against the Appellant to overcome his pending motion to compel.

When a defendant seeks a vexatious litigant declaration, the plaintiff may offer evidence to show there is a reasonable probability he *will* prevail in the litigation. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. As argued herein, the Appellant was prohibited in acquiring his witnesses by motions to quash that the trial court never ruled on before the trial court assigned improperly a visiting judge to hear and ruled on Appellee Willing motion to declare Drake as a vexatious litigant. Appellant argued before the trial court that he has been prevented from

25

having his witnesses, which is a due process violation and Drake argues the same in this Court.(RR: Vol 2 of 4, P: 10. L: 16—21). All of the defendants in the trial court filed motions to quash, which the trial court never address, though the Appellant sought limited discovery (CR: Vol 2 of 4, P: 234—244), (CR: Vol 2 of 4, P: 245—255), (CR: Vol 2 of 4, P: 534—543).

As in *Drake v. Andrews*, Appellee Willing did not offer sufficient evidence to prove that there was no reasonable probability that Appellant could not prevail in his lawsuit against her. *Drake v. Andrews*, (App. [5th Dist.], 2009, 294 S.W.3d 370. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. Appellant also argued that Appellee Willing failed to prove that Appellant filed 5 (five) qualifying lawsuits that were ruled against him. *Douglas v. American Title Co.* (App. [1st Dist.], 2006, 196 S.W.3d 876. Appellant filed a motion to vacate vexatious order (CR: Vol 1, P: 608—614). "Defendant offered insufficient evidence that there was no reasonable probability plaintiff could prevail in lawsuit, as required to support dismissal of suit on ground that plaintiff was vexatious litigant. *Drake v. Andrews* (App.5 Dist. 2009) 294 S.W.3d 370."

When there are multiple defendants in a litigation, the defendant who is bringing the motion to declare the "plaintiff" vexatious, must either apply

26

proper procedure or prove there is not a reasonable probability that the "plaintiff" would prevail against all defendants in the litigation—not just a select defendant in the lawsuit. Appellee Seanna Willing failed to do either.

Plaintiff does not have to show that his claims against any of the defendants can be proven beyond a reasonable doubt, he only has to prove that his claims are not frivolous to evade being labeled as a vexatious litigant, which is a lesser standard than a preponderance of evidence.

However, Appellee Seanna Willing must prove that Drake's litigation is frivolous as a whole. However, Appellee Willing at the August 19, 2014 hearing was unable to prove this point when Drake brought this to the trial court's attention.

Scot Graydon perjured himself multiple times to the trial court by stating that he conference with the Appellant. (RR: Vol 3 of 4, P: 45, L: 1—14). Quite the opposite, Appellant swears under the penalty of perjury that Scot Graydon did not conference with him. *See* Exhibits [Appellant's Affidavit] attached to Appellant's Third Amended Response to Vexatious Litigant Order and Appellant's Motion to Vacate Vexatious Litigant Order (CR: Vol 1, P: 616–618),(CR: Vol 1, P: 624—626).

**F.    ISSUE THREE:**

**Warren Vavra did not have the legal authority to appoint Judge Charles Ramsay to hear the August 19, 2014 hearing**

Appellant objected to Warren Vavra in the appointment of a visiting judge, (Charles Ramsay) because Mr. Vavra is not a judge and pursuant to the Tex. R. Civ. Practice he does not have the authority to appoint a judge in the context of the Appellant's circumstances. Warren Vavra, is the trial court's administrator, who isn't the regional presiding judge, nevertheless, he assigned Judge Charles Ramsay to hear and rule on Appellees Willing's Motion to Declare Appellant as a vexatious litigate, which was error.

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979), the Supreme Court interpreted a statute, subsequently codified as section 74.059 of the Government Code, which provided that a "district judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." TEX. GOV'T CODE ANN. § 74.059 (Vernon 1988) (formerly TEX. REV. CIV. STAT. ANN. art. 200a, § 6). Warren Vavra is _not_ a judge nor is Mr. Vavra the administrative judge and thus the assignment of Charles Ramsay was a procedural error and any judgments or orders made by that judge should be

28

vacated. The presiding judge of the administrative region or the Chief Justice of the Tex. Sup makes assignments of judges. Court. Gov't Code §74.056(c); *Chandler v. Chandler*, 991 S.W.2d 367, 379 (Tex. App.—El Paso 1999).

Mr. Vavra advised Mr. Graydon (Willing lawyer) and the Appellant that the court had signed his motion of nonsuit, on August 19, 2014. Therefore, the trial court failed to follow the TRCP in many ways. Appellee Willing cannot overcome violating the Tex. R. Civ. P., in order to try and declare the Appellate as being vexatious. At the time Vavra assigned Judge Strauss and Judge Ramsay, he was fully aware that the Appellant had filed recusals against all of the district judges and that the Appellant's recusal motion had not been heard. Mr. Vavra was fully aware that Appellant filed a motion to recuse all of the district judges in Travis County. And Vavra admitted to Appellant that Willing's motion wasn't on the docket on August 19, 2014.

Tex. R. Civ. P. 18a; see also Tex. Gov't Code Ann. § 74.059(c)(3) (West 2005) (judge must "request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court").

## G. ISSUE FOUR:

**Judges David Phillips and Stephen Yelenosky orders of recusal and referral should be vacated**

The August 19, 2014 order is void because even though Judges Phillips and Judge Yelenosky filed sham orders to attempt to make it appear as if they were complying with Tex. R. Civ. P., 18a; Judge Phillips did not indicate if he was recusing himself or refusing to recuse himself and referring—in other words, the order he signed is as if he never signed the order if the ORDER itself does not indicate what the judges position is on the matter. The Tex. R. Civ. P., clearly set forth, a judge must either recuse or refer. Moreover, Phillips order to recuse was not referred to the judge of the administrative judicial district, as Rule 18a requires. And because Phillips failed to refer his recusal, procedurally his August 19, 2014 order is invalid, defective. But more importantly Phillips order was signed too late and should be vacated.

Besides, Judge Phillips lacked legal basis for assuming jurisdiction over a motion seeking recusal of a district judge even though he was named in Appellant's recusal motion. Neither the order of recusal or order of referral that was signed on August 19, 2014 was signed timely. Both orders

30

were signed after the visiting judge; Charles Ramsay had already been wrongfully assigned to hear Appellee Willing's motion to declare Appellant vexatious, and after the trial court had signed the order declaring Appellant as a vexatious litigant.

The Appellant argued in open court of the many procedural errors of not responding to his motion to recuse. **(RR: Vol 3 of 4, P: 24, L: 18–25; P: 38, L: 7—12; P: 40, L: 10—16; P: 12, L: 8—23).**

An order that is signed after the harm and error has been carried out is an order that is void. A court administrator does not have the judicial power to assign judges pursuant to Tex. R. Civ. P., or Tex. Gov't Code Ann., consequently the visiting judge, Charles Ramsay was not properly assigned to hear Appellees Willing's motion to declare the Appellant as a vexatious litigant, and therefore the order should be vacated.

Therefore, the August 19, 2014 order declaring Appellant as a vexatious litigate is void, and an appeal is the appropriate remedy to address these void orders. The Appellant filed a mandamus, but this Court denied the mandamus without providing a reason for its denial.

It is Appellant's legal opinion, and pursuant to case law cited in this brief herein that the following orders are void: 1). The order of referral by

31

Judge Yelenosky); 2). The order of recusal by Judge Phillips; and 3). The order declaring the Appellant as a vexatious litigate signed by the visiting judge Charles Ramsay.

All of these orders should be vacated by the Court and considered void. (CR: Vol 1 of 1, P: 608—623); (CR: Vol 1 of 1, P: 545); (CR: Vol 1, P: 559); (CR: Vol 1 of 1, P: 546); (CR: Vol of 1, 547—555). The August 19, 2014 orders cited herein are void and should be vacated because the visiting judge signed the order while the Appellant's motion to recuse was pending before the trial court. *Victor Enterprises, Inc. v. Holland*, (Tex. App.—Dallas 2013); *In re Guilbot*.

Likewise, on August 14, 2014 the trial court signed an order of nonsuit on Appellant's claims against defendants Carl Ginsberg, Kristina Kastl, Vikki Ogden, and Seanna Willing. The trial court made numerous procedure errors, which were derived by the trial court's judge's intentional and reckless desires to supersede Texas law and the Texas Code of Civil Procedure. Even the simplest orders signed by the trial court should be voided. There have been an overwhelming number of errors and conspirator acts by several judges in Travis County. *Victor v. Enterprises, Inc. v. Holland*.

32

The sham orders by Judges David Phillips and Stephen Yelenosky are a good example of how these judges circumvent the law. But they have no fear because Seanna Willing, who also committed fraud with her counsel Scot Graydon an assistant attorney general, is the Travis County's judge's overseer of judicial misconduct.

The judges in Travis County fully is aware that the possibility of being held account for their actions are none—as long as the person filing the compliant is nonwhite and pro se.

## H. ISSUE FIVE:

**The trial court failed to comply with Chapter 11 of the Tex. Civ. Prac. & Rem Code, Rule 18a and 18b of the Texas Rule of Civil Procedure, and other state laws and statutes**

The trial court failed to comply with the very statute that it declared Appellant as a vexatious litigant. Chapter 11 of the Tex. Civ. Prac. & Rem. Code allows a "plaintiff" to call witnesses in his or her defense. But the Appellant was prohibited from basic due process rights. The trial court failed to rule on the defendants motions to quash and Appellant's motion to compel, and recuse before holding the August 19, 2014 hearing—the trial court failed to act in accordance with Rule 18a and 18b of the Tex. R. Civ. P., Texas Rules of Evidence, and the Texas and U.S. Constitutions.

### 1. Texas Rules of Civil Practice 18a and 18b.

Section 18a provides in pertinent part as follows:
§ 18a

...

(f) Duties of Respondent Judge; Failure to Comply. (1) Responding to Motion. Regardless of whether the motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either:
(A) sign and file with the clerk an order of recusal; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge. (2) Restrictions on Further Action.

(A) Motion Filed Before Evidence Offered at Trial. If a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided.

34

Denial of a motion to recuse is appealable upon final judgment. Tex. R. Civ. P. 18a(f). Thus, an Appellant challenging the denial of a recusal motion ordinarily has an adequate remedy by appeal of the denial of a motion to recuse. However, in this case the recusal was never denied because the trial court never acted timey on Appellant's motion to recuse. Appellate relief is available when a judge violates a mandatory duty to recuse or refer a motion to recuse. *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.- Houston [14th Dist.] 2006, orig. proceeding).

On August 7, 2014, Appellant filed a motion to recuse against all of the district judges in Travis County. This action was taken only after judges Tim Sulak, Amy Clark Meachum, and Orlinda Naranjo conspired together with the assistant attorney general Scot Graydon and defendants Kastl and Ginsberg to deny the Appellant's motion to compel hearing on the day of Appellant's hearing. It is evident to the Appellate that he cannot obtain a fair hearing in Travis County.

On July 24, 2014, Appellant filed a motion to compel the defendant's depositions, which he needed to respond to defendant's motions to transfer, and notices he was an alleged vexatious litigant. The trial court took no action regarding Appellant's motion to compel, up and until the date of the

35

hearing. While waiting in judge Amy Meachum's court she was given an order by Kastl and it appears a letter of some kind. Meachum knew that Kastl was trying to get an order signed on the day of Appellant's compel hearing to deny the hearing. Once the denial was signed, judge Meachum advised the Appellant and Scot Graydon that judge Sulak would hear Appellant's pending motion to compel, knowing that an order was signed denying the motion. Judge Sulak announced that he could not hear the Appellant's motion to compel because another equal judge has signed an order denying the motion to compel moments ago. (RR: Vol 2 of 4, P: 8, L: 11—25; P: 9: L: 1—19).

Travis County does not appoint one judge to hear cases but it's an open docket, where any district judges may hear a motion or try cases. However, after such of a conspired effort by the Travis County district judges to deny Appellant's motion to compel hearing, Appellant had no choice but to recuse all of the district judges. (CR: Vol 1, P: 521—526). The behavior by the three district judges named herein was reprehensible. Appellant believed that he could not reasonably obtain a fair and impartial hearing from any of the District or County judges. All judges involved will be sued in federal court.

36

After Appellant filed his motion to recuse, not one of the judges recused themselves or referred the Appellant's recusals. Pursuant to Tex. R. Civ. P. 18a and 18b, upon a motion to recuse being filed against a judge, he or she must either recuse or refer, there are no other options. However, after the Appellant announced at the August 19, 2014 hearing that none of the judges took any action on his motion to recuse, and that it is a violation of TRCP 18a and 18b, one of the clerks in the 353rd left the courtroom and apparently notified the judges of the procedural error, and two judges filed sham orders in the trial court's record (CR: Vol 1 of 1, P: 545); (CR: Vol 1, P: 559); (CR: Vol 1 of 1, P: 546). But those sham orders came too late because the visiting judge had already been appointed to hear the Appellee Willing motion and had ruled on Willing motion to declare Appellant vexatious.

Under the general recuse or refer rule in Tex. Gov't Code Ann. § 25.00255(f), a judge against whom a recusal motion has been filed has only two options: grant the motion to recuse or refer the motion to another judge for a ruling. Neither occurred in the trial court. The same is required under the Tex. R. Civ. P. 18a and 18b. Even though a motion to recuse may be defective, the challenged judge *must* either recuse or refer the motion, so that

37

another judge can determine the procedural adequacy and merits of the motion to recuse. Appellee Willing objections to the motion has no bearing on a judge following Rule 18a, especially because Appellant verified his motion and the motion had been pending for more than 3 (three) days. Pursuant to the Tex. R. Civ. P., a judge should respond to a litigates motion of recusal within 3 business days. All of the Travis County district judges failed to respond in 14 business days. Thus the sham orders of referral and recusals by David Phillips and Stephen Yelenosky are again void.

The statute states in <u>mandatory language</u> that the district judge shall request the presiding judge to assign a judge to hear any motions to recuse. Regardless of whether a motion to recuse may be defective or untimely, the challenged judge must recuse or refer the motion so that another judge can determine the procedural adequacy and merits of the motion. *Norman*, 191 S.W.3d at 861.

All courts agree that when a judge is confronted with a timely, procedurally sufficient motion, the trial judge must either recuse herself or refer the case to the presiding judge. Rule 18a(c), (d); See *Brousseau v. Ranzau*, 911 S.W.2d at 892. These are the only two options the judge has when a procedurally proper motion is filed. *Brousseau v. Ranzau*, 911

38

S.W.2d at 892. In such a case, when the judge refuses to recuse herself, two things must happen: (1) she must send all motions, responses, and concurring briefs, and the order of referral, to the administrative judge; and (2) she must take no further action and make no further orders in the case except for good cause stated in the order in which the action is taken. Rule 18a(d). Likewise, when a judge recuses herself, two things must happen: (1) she must request that the presiding judge of the administrative judicial district assign another judge to the case; and (2) she must take no further action and make no further orders in the case except for good cause, which must be stated in the order in which action is taken Rule 18a(c).

In addition, one court has held that a transfer made by the trial judge––not the presiding judge––would be void. *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex. App.--Dallas 1989, orig. proceeding).

As a result of Appellant's motions to recuse, there was never a hearing nor does the trial court's clerk's record reflect that the administrative judge denied Appellant a hearing on Judge Stephen Yelenosky referral. This is *mandatory*. Though Yelenosky signed a referral, and if there is a referral there must be a hearing or a denial of a hearing. The trial court's record reflects neither occurred.

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979), the Supreme Court interpreted a statute, subsequently codified as section 74.059 of the Government Code, which provided that a "district judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." TEX. GOV'T CODE ANN. § 74.059 (Vernon 1988) (formerly TEX. REV. CIV. STAT. ANN. art. 200a, § 6).

When a motion to recuse has been filed, it is *mandatory* that the trial judge request the administrative judge to assign another judge to hear the motion. *McLeod*, 582 S.W.2d at 773. The trial court visiting judge was not assigned by a judge to hear Appellees Willing motion to declare Appellant as a vexatious litigate, but the visiting judge was assigned by the court administrator (Vavra) who had no authority to assign judges, thus any orders executed by the visiting judge (Charles Ramsay), including the August 19, 2014 order declaring the Appellant as a vexatious litigate should be vacated and or set aside.

Tex. R. Civ. P. 18a; see also Tex. Gov't Code Ann. § 74.059(c)(3) (West 2005) (judge must "request the presiding judge to assign another

40

judge to hear a motion relating to the recusal of the judge from a case pending in his court").

Other courts of appeals have concluded that Rule 18a's recusal-or-referral requirement is mandatory and that mandamus relief is appropriate to compel compliance with the rule. See, e.g., *In re Kiefer*, No. 05-10-00452-CV, 2010 Tex. App. LEXIS 4268, 2010 WL 2220588, at (Tex. App. Dallas June 4, 2010, orig. proceeding) (recusal or referral "mandatory"); *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (Rule 18a states that judge has "mandatory duty either to recuse himself or refer the motion to the presiding judge"); *In re Healthmark Partners, L.L.C.*, No. 14-04-00743-CV, 2004 Tex. App. LEXIS 7636, 2004 WL 1899953, (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, orig. proceeding). *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 179-80 (Tex. App.—Corpus Christi 1999, orig. proceeding) see also *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (Rule 18a applies in criminal cases); see also *Ex parte Sinegar*, 324 S.W.3d 578, 2010 WL 4320399, (Tex. Crim. App. 2010)

Likewise, construing a substantially similar statutory predecessor to Rule 18a, the Texas Supreme Court has held that (1) a judge has "the

41

mandatory duty" to recuse himself or refer the matter to the presiding judge to hear a properly filed motion to recuse. See *McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex. 1979). But again, this Court disagreed and denied the Appellant's mandamus—wrongfully. Appellate courts agree that the provisions of Rule 18a are **mandatory**; and that they *cannot be reasonably read otherwise*.

Consequently, all of the district judges in Travis County abused their discretion by failing to either recuse themselves or refer the motion to the presiding judge of the administrative judicial district. See *In re Prudential*, 148 S.W.3d at 135 (judge has no discretion in applying facts to law). Thereafter, the district judges failed again by conspiring to sign an order to refer only after the Appellant argued on August 19, 2014 that they failed to properly respond to his recusal motion.

Moreover, the order of referral that came after the visiting judge that was assigned to hear the Appellee Willing motion to declare Appellant as a vexatious litigate was not forwarded to the Regional Presiding Judge. The sham referral order was signed by Judge Yelenosky of the 34th JDC and filed stamped at 5:00 P.M., however, the referral should had been to the

presiding judge of the administrative judicial district for assignment to another judge for hearing and disposition. There was no hearing conducted on Appellant's motion to recuse nor was it denied. *Bruno v. State*, 916 S.W.2d 4, 7 (Tex. App.—Houston [14th Dist.] 1995, no pet).

If a motion to recuse is procedurally sound, or otherwise in substantial compliance with Tex. R. Civ. P. 18a, it is error for a trial judge to refuse to either recuse herself or himself or to otherwise refer the recusal motion to the presiding judge of the administrative region for assignment to another judge for full evidentiary hearing and disposition. *In re Richard Castillo*, 1998 Tex. App. El Paso, Lexis 2473. *In re Guilbot*, 2009 (Tex. App.— Houston [14th Dist.] no pet.

Additionally, David Phillips is not a district judge; he is the judge of County Court No. 1, and therefore a County judges referral does not count in the case of a district court case. A County judge would not be in a position to preside over a district court case. The sham order signed by David Phillips is not valid in several aspects.

This Court should grant Appellant's appeal, vacate all orders pursuant to the Appellant's case (Drake v. Kastl Law et al) signed on August 19, 2014, for the reason that relevant procedural rules required that a hearing be

43

held to develop a record sufficient for any appeal on the motion to recuse the trial judges and for all the reasons stated herein. And such that the trial judge's actions denying such requirements, and for all other reasons asserted herein the Appellant files this appeal timely to have the August 19, 2014 order vacated in its entirety, including its prefiling order. Appellant contends that the trial court's order that Judge Charles Ramsay signed on August 19, 2014 is void because Ramsay did not have the authority to sign the order.

The August 19, 2014 order is void because it was derived by and through fraud. The August 19, 2014 order is void because once Appellant objected to the visiting judge Ramsay, though he refused to recuse or remove himself from hearing the motion was error and abuse of discretion. The August 19, 2014 order is void because although two judges filed sham orders to attempt to make it appear as if they were complying with Tex. R. Civ. P., 18a, the orders were defective on its face and procedurally defective.

Neither the sham orders of recusal nor referral that was signed on August 19, 2014 was signed timely. Both orders were signed after the Appellant had already been wrongfully assigned to Judge Ramsay, and the Appellant argued in open court of the procedural errors of not responding to his motion to recuse. An order that is signed after the harm and error has

been carried out is an order that is void. A court administrator does not have the judicial power to assign judges pursuant to Tex. R. Civ. P., or Tex. Gov't Code Ann., therefore the visiting judge was not properly assigned to hear Appellee Willing motion. An appeal is his only remedy to the Appellant to address: 1). The order of referral by Judge Stephen Yelenosky, 2). The order of Recusal by Judge David Phillips, and 3). The order declaring Drake as a vexatious litigate signed by Judge Ramsay.

Appellant filed his motion for nonsuit on August 7, 2014. Willing filed her motion to declare Appellant as a vexatious litigant on August 5, 2014. Appellee Willing failed to conference with any of the co-defendants or the Appellant per local rules before filing her motion to declare Drake vexatious. Appellant had no idea that Willing had filed a motion for affirmative relief when he filed his motion for nonsuit. Wiling argued that she conference with Drake later, but she cannot revitalize her motion, because her second conference came too late. Willing could not repair a motion that was dismissed because of intentional procedural errors.

Willing through her legal counsel admits during the August 19, 2014 hearing that she failed to conference with the Appellant timely. Appellant Drake must be timely noticed that a defendant is seeking affirmative relief—

45

which Willing failed to do so—and not file a motion by "seek attack." Willing did not want the Appellant to know that she was filing the motion until after the motion was filed with the trial court. Thereafter, Willing (the head of the Judicial Commission) through her attorney who is an assistant Attorney General acts dumb and say to the trial court that they were unaware that they had to conference with the Appellant. Willing intentionally violated procedure to file the motion without the Appellant's knowledge. Moreover, Willing pursuant to the TRCP and local rules in Travis County should have conference with the Appellant and co-defendants, which she failed to do.

If a motion to recuse is denied, the denial may be reviewed on appeal from the final judgment. Tex. R. Civ. P. 18a(f). See *In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428, 41 Tex. Sup. Ct. J. 591 (Tex. 1998). The standard of review for the denial of a motion to recuse is abuse of discretion. Tex. R. Civ. P. 18a(f). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or acted arbitrarily or unreasonably. The trial court judges did not refer Appellant's motion to recuse to the regional presiding judge or recuse themselves as required by Rule 18a, thus any order signed are considered

46

void, which in this case specifically the August 19, 2014 declaring Drake as a vexatious litigant. _The trial court records contain no ruling by or from the regional presiding judge._

Appellant brought to the attention of the trial court that his recusal motion was pending, however, the visiting judge ignored Appellant's objection and proceeded with the hearing (**RR: Vol 3 of 4, P: 14, L: 5—25; P: 10, L: 14—25; P: 11, L: 1—15**). The trial court did not have Willing's motion on the docket, it had signed Appellant's nonsuit, but Willing's counsel demanded the hearing, even when it wasn't on the docket.

The trial court did nothing about Appellant's recusal. A trial judge presented with a motion to recuse must promptly enter an order for either recus*al* or referral, "he does not have the option of doing nothing") _Greenberg, Benson, Fisk and Fielder, P.C. v Howell_, 685 S.W.2d 694, 94 (Tex. App.—Dallas 1984, no writ, no writ). _In re Kiefer_, 2010 WL 2220588 (Tex. App.—Dallas 2010, no pet.) (mem. op.). In Appellant's case, his motion to recuse was not denied; it was just never acted upon by any of the judges up and until the Appellant was in a hearing, which the trial court acted too late, thus any orders signed by the visiting judge are void.

47

Regardless of procedural sufficiency of a motion to recuse, trial court violated Rule 18a in failing to act either to recuse herself or refer the case to the presiding judge; her ruling on the recusal motion was an abuse of discretion by which such ruling was vacated and any subsequent orders or judgment made subsequent to the denial of the first recusal motion are void. *Victor Enterprises, Inc. v. Holland*, 2013 WL 329034 (Tex. App.—Dallas 2013).

If a trial court fails to comply with the rules provided in Rule 18a, all actions taken by the judge subsequent to such violation are void. *Mosley v. State*, 141 S.W.3d 816, 837 (Tex. App.—Texarkana 2004, pet. Ref'd); *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex. App.—DALLAS 1989, Writ denied).

Appellant's motion to recuse was never acted on by the presiding judge of the administrative judicial district. In the case of *Barnhill v. Agnew*, 2013 WL 5657644 (Tex. App.—Tyler 2013) the judge did not refer the motion to the regional presiding judge or recuse himself, as in the issues before this Court. All subsequent order were ruled void.

Issues as to the qualifications of the trial court judge may be raised for the first time on appeal. *In re D.C. Jr.,* 2010 WL 3718564 (Tex. App.—Amarillo 2010, no pet). However, the Appellant raised Judge Charles Ramsay's ability to hear Willings motion to declare Drake as a vexatious litigant on the day of the hearing itself: August 19, 2014. **(RR: Vol 3 of 4, P: 12, L: 8—12).**

Appellant recused all of the district judges and two County judges **(CR: Vol 1, P: 521—526).** Pursuant to Rule 18 of the TRCP, the regional presiding judge must rule on a referred motion or assign a judge to rule, neither occurred in the Appellant's case in the trial court. Notwithstanding, the ruling must be in writing. ***No such ruling is contained in the trial court's clerk's record submitted to this Court.*** There was no hearing on Appellant's recusal motion. The trial court judges ignored the Appellant's motion of recusal, which is forbidden by Rule 18 of the TRCP. *Johnson v. Pumjani,* 56 S.W.3d 670, 672 (Tex.App.—Houston [14th Dist.] 2001.

Judge Phillips did not indicate if he was referring or recusing **(CR: Vol 1, P: 546).** Because Phillips did not complete his order, he also failed to comply with the TRCP 18a (f)(1)(B). The trial court's clerk of court should

had delivered a copy of the order of disqualification, recusal or referral to the regional presiding judge immediately with the 3 day period, but this did not occur in the Appellant's trial court's case. TRCP 18a (e)(2).

All of the greatest intentions do not allow a judge to escape the fact that the order he signed was not complete. Regardless of procedural sufficiency's of a motion to recuse, trial court violated Rule 18a in failing to act either to recuse or refer as in the case before the Court. *Victor Enterprises, Inc. v. Holland*, 2013, WL 329034 (Tex. App.—Dallas 2013). Appellant was entitled to a hearing on his motion to recuse. TRCP 18a (g)(6). The hearing would have given the Appellant an opportunity to develop a record to support his motion. *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 179 (Tex.App.—Corpus Christi 1999).

Because of the judges failure to comply with the TRCP 18, all orders or judgments of a trial judge who was constitutionally disqualified from sitting are void. *Tesco Am., Inc. v. Strong Indus.*, 221 S.W.3d 550, 555 (Tex. 2006); *In re Union Pac. Res.*, 969 S.W.2d 427, 428 (Tex. 1998). And regarding Judge Charles Ramsay, orders of an assigned judge who should have been removed after an objection under Gov't Code §74.053 are void. *In re*

50

*Canales*, 52 S.W.3d 698, 701 (Tex. 2001); *Dunn v. Street*, 938 S.W.2d 33, 34—35 (Tex. 1997); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996).

As in *Drake v. Andrews*, Appellees did not offer sufficient evidence to prove that there was no reasonable probability that Appellant could not prevail in his lawsuit against her. *Drake v. Andrews*, (App. [5th Dist.], 2009, 294 S.W.3d 370. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. Appellant also argued and argues in his brief that Appellees failed to prove that Appellant filed 5 (five) qualifying lawsuits that were ruled against him. As in the Andrews case, Appellee Willing failed to prove the first prong under Tex. Prac. & Rem. Code and committed a crime of perjury, and fraud. Any party to a case may move for recusal of the judge; the judge may then voluntarily recuse himself or requests the chief administrative judge of the district to appoint a judge to hear the motion for recusal. Tex. Atty. Gen. Op. DM—109 (1992).

I.    ISSUE SIX:

**Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate in light of the fact that Judge Ramsay did not have the authority or jurisdiction to preside over Appellees Willing motion to declare him a vexatious litigant**

Appellant argue that the Judge Ramsay lacked authority to hear the Appellee Willing motion to declare him as a vexatious litigation and that the resulting final August 19, 2014 order is void. Part of Appellant's argument is that the visiting judge's (Charles Ramsay) authority originates solely from an order of assignment from a proper judge. However, in this case, there was no order of assignment by a proper judge or any judge that can be found in the trial court's clerk record.

As already argued before the Honorable Court, the visiting judge did not have jurisdiction to act or authority to enter the August 19, 2014 order. A judgment is void when the court rendering judgment has no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973).

52

A judgment of a court which has no jurisdiction over the subject matter is void, that is, "entirely null within itself and which is not susceptible of ratification[,] confirmation," or waiver. *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932). Subject-matter jurisdiction "cannot be conferred on a court by consent or waiver," and lack thereof "renders a judgment void rather than merely voidable." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990); *Jeter v. McGraw*, 218 S.W.3d 850, 853 (Tex. App.--Beaumont 2007, pet. denied); See *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943) (subject-matter jurisdiction exists by operation of law and cannot be conferred on any court by consent or waiver); *In the Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, orig. proceeding); *In the Estate of Bean*, 120 S.W.3d 914, 919 (Tex. App.—Texarkana 2003, pet. denied).

Because Charles Ramsay was not assigned by a proper judge, he had no authority or jurisdiction to preside over, hear or rule on any motions presented by either party on August 19, 2014. Ramsay ignored the Appellant's notices and the Tex. R. Civ. P., and proceeded with the hearing which was error and abuse of discretion **(RR: Vol 3 of 4, P: 15, L: 2—3).**

53

## J.   ISSUE SEVEN:

**The August 19, 2014 order declaring the Appellant as a vexatious litigant was obtained by and through deception and perjury by Scot Graydon an assistant attorney general and was a product of fraud, fraudulent inducement**

Scot Graydon, an assistant attorney general for the state of Texas in Austin, Texas perjured himself and obtained the August 19, 2014 order by and through fraud, and deception. Mr. Graydon advised the trial court that he conference with the Appellant regarding Appellees Willing's Motion to Declare Drake as a vexatious litigant. Because Mr. Graydon is an officer of the court and an assistant attorney general, his statements to the trial court were considered perjury if he knowingly made a false statement to the court.

Appellee Willing's counsel failure to be completely truthful wasn't an error on part of the Appellee Wiling or her attorney, but it was to accomplish their task of labeling Appellant as a vexatious litigate at any cost, even at the expense of lying, misleading the trial court, and perjury. However, as already pled herein, Seanna Willing failed to conference with the other defendants in seeking her motion to declare Appellant vexatious.

Scot Graydon perjured himself multiple times to Judge Ramsay by stating that he conference with the Appellant. (RR: Vol 3 of 4, P: 45, L: 1—

54

14). Appellant has sworn under the penalty of perjury that Scot Graydon did not conference with him. *See* Exhibits [Appellant's Affidavit] attached to Appellant's Third Amended Response to Vexatious Litigant Order and Appellant's Motion to Vacate Vexatious Litigant Order. **(CR: Vol 1, P: 620—626)**. Where there is any doubt that the order signed by visiting judge is even possibly fraudulent and or obtained by fraud, the order should be vacated.

The mere allegation, "that the judgment was obtained by fraud," is not sufficient. The facts relied on as constituting the fraud must be distinctly averred, and the court is to determine whether those facts sustain the charge. (*Martin v. Sykes*, 25 Tex. Supp., 198.) Appellant executed affidavits under the penalty of perjury that Graydon did not conference with him. **(CR: Vol 1, P: 608—618; P: 620—626)**.

The appellate courts in the exercise of equitable powers may grant by re-examining a case on its merits, such relief as equity and justice may demand when it is made to appear that a judgment is obtained by fraud. That the willful giving of false testimony by a party to an action in relation to a matter affecting an issue to be tried is fraud of the most pernicious character cannot be questioned, and for such conduct, an injured party is entitled to

55

have a cause re-examined on its merits, and granting such relief as equity and justice may demand. *McMurray v. McMurray*, 67 Tex. 665; 4 S.W.357; 1887 Tex. Lexis 943.

In common with all other courts, the appellate court's have the power, when a judgment, order or decree has been entered without jurisdiction, or when obtained by fraud or such other means as are held to render the judgments, orders or decrees void, so to declare them at any time. *Heath et al v. Layne et al*, Supreme Court, 62 Tex. 686; 1884 Tex. Lexis 312. *Lee v. Killian*, 761 S.W.2d 139; 1988 Tex. App. [2nd] Lexis 3173.

In *Lee v Killian*, the trial court granted summary judgment based on a wavier that was obtained by fraud. The appeals court reversed and remanded. *Lee v Killian*, 761 S.W.2d 139; 1988 Tex. App. Lexis 3173. Unless the order is set aside that was obtained by fraud; Appellant will suffer substantial and irreparable injury. *Smith v. McDaniel*, 170 S.W. 1070; 1914 Tex. App. Lexis 1021.

Upon proof that assistant attorney general Scot Graydon did commit fraud upon the court and was untruthful to the court to obtain an order against Appellant, the Court should sanction him, report him to the bar association, and have him disbarred. Contracts induced by fraud are not

56

valid. *Green v. Chandler*, 25 Tex. 148; History Co. v. Flint, 4 Willson, Civ. Cas. Ct. App. §224, 4 Tex. Civ. Cas. 364, 15 S.W. 912; *Drinkard v. Ingram*, 21 Tex. 650, 73 Am. Dec. 250; *Johnston v. Loop*, 2 Tex. 331; Bankers v. Calhoun (Tex. Civ. App.) 209 S.W. 826.

The trial court's visiting judge made his decision based on misleading, and false information directed to him by the Appellee Willing legal counsel. Graydon advised Judge Ramsay on 8/19/2014, "In the event the Court of Appeals determines that a motion to recuse would been proper, if the court enters an order today granting my motion, it can simply be vacated" **(RR: Vol 3 of 5, P: 22, L: 7—19)**. Graydon goes on to suggest to the trial court on August 19, 2014 that there would be "no harm" caused to Drake.

Appellee Willing demanded and got the trial court's visiting judge to sign a prefiling order, which the Appellant objected to in form and content. **(CR: Vol 1, P: 564–571)**. The order derived of fraudulent behavior by the Appellee Willing and an assistant attorney general was intended to prevent the Appellant from filing new litigation without permission of the administrative judge. But because the order signed on August 19, 2014 by Judge Ramsay is void, and a product of fraudulent misrepresentations, which is an actionable fraud; the August 19, 2014 order is non-effect. *Stanfield v.*

57

*O'Boyle*, 462 S.W.2d 270, 272 (Tex. 1971); *Stone v. Williams*, 358 S.W.2d 151 (Tex. Civ. App.—Houston 1962).

In order to be fraud or fraudulent, the Court should look at the following: **(1)** that Scot Graydon attorney for the Appellee Willing made a material misrepresentation to the trial court on August 19, 2014 [that he allegedly conference with the Appellant about his motion to declare Appellant as a vexatious litigate] to induce the visiting judge to sign his order, **(2)** that the representation was false, **(3)** that Scot Graydon knew it to be false at the time he made the statement, **(4)** that the statement was made with the intent to deceive the trial court visiting judge Charles Ramsay, **(5)** that the false statement would be acted upon by the trial court, and the trial court did act upon Mr. Graydon's misrepresentations by signing the August 19, 2014 order to declare Appellant as a vexatious litigant, and prefiling order against Appellant and that he must obtain permission prior to filing any new litigation, **(6)** that the trial court reasonably relied on Scot Graydon's fraudulent statements because he is an officer of the court and an assistant attorney general and because of Mr. Graydon's race: white, and **(7)** that Appellant has suffered injury as a result of Appellee Willing and Scot Graydon's fraud. The alleged notice of the hearing was filed after the

58

Appellant filed his motion for nonsuit, although the order signed by the trial court nonsuiting the Appellant's cause of action was also defective. **(CR: Vol 1, P:527—529),** file dated: August 7, 2014 at: 1:07 P.M. Appellee Willing filed her motion to declare Appellant as a vexatious litigate on August 5, 2014. **(CR: Vol 1, P: 263—282).** On August 7, 2014, Willing through her attorney filed a supplemental notice to try to overcome their intentionally not conferencing with the Appellant. This notice was filed August 7, 2014. **(CR: Vol 1, 517—519),** at: 2:59 P.M. Even the supplemental notice was filed after the Appellant filed his motion for nonsuit. Pursuant to Travis County Local Rules, because Willing failed to conference with Appellant Drake before she filed her motion to declare him a vexatious litigant, the motion was defeated. Willing legal counsel admitted this to the trial court and said, "I will stand here and I will tell the Court that prior to filing the motion, I did not confer with Mr. Drake." **(RR: Vol 3 of 4, L: 1–5).** Thus, a supplemental notice coming after the nonsuit is filed will not save Willing's motion to declare the Appellant as a vexatious litigant because it came too late—there was no pending affirmative relief. Willing filed her original motion to declare Appellant as vexatious by "ambush."

Drake directs the Court's attention to Willing certificate of conference: **(CR: Vol 1, P: 518)**. In this document attorney Graydon, Willing's counsel misrepresents that he conference with the Appellant regarding Willing's motion to declare Drake as a vexatious litigant. But there is more; the clerk's record numbered: 518, contains Graydon's statement to the trial court that he conference with the Plaintiff at 9:50 p.m. at night. Graydon's certificate further states that he conference with Drake in-person at nearly 10:00 p.m. on August 6, 2014, which the Appellant was in Dallas on August 6, 2014 at 10:00 p.m. at his home. Graydon also perjured himself before the trial court regarding the matter. **(RR: Vol 3 of 4, P: 45, L: 1—14)**. Graydon violated TRCP 191.3(b).

The fact that Appellant could not call his witnesses, and Chapter 11 of the Tex. Civ. Prac & Rem. Code allows witnesses to be called on behalf of the "plaintiff." Judge Ramsay also knew that the trial court judges had not recused or referred themselves because Appellant brought this to the visiting judge's attention, however, that did not slow down Judge Ramsay's desire to sign an order declaring Appellant as a vexatious litigant, and thus the order should be vacated. Graydon should be sanctioned pursuant to TRCP 191.3(e).

60

## K.  ISSUE EIGHT:

**Trial court abused its discretion when the court continued to hear Appellees Seanna Willing Motion to Declare the Appellant as a Vexatious Litigate even after Appellant objected to Judge Ramsay of due process violations and violations under Chapter 11 of the Texas Civil Prac. & Remedies Code**

Appellant's cause of action against Appellees Seanna Willing was not based on the same or substantially similar facts, transition, or occurrence. *Devoil v. State of Texas*, 155 S.W.3d 498; 2004 Tex.App. Lexis 10473. Though Appellant objected to violations of his due process, the trial court visiting judge did not have authority to preside over the Appellee Willing's motion to declare Appellant as a vexatious litigate because prior defendant motions had not be ruled on and addressed nor had Drake's motion to recuse. (CR: Vol 1, P: 521–526; P: 608–618; P: 534–543; P: 50–55; P: 125–133; P: 140–149; P: 234–244; P: 245–250).

Appellant filed a motion to continue until the court could address his motions to take limited discovery. Appellant had to file a motion to compel discovery. Defendant Kastl conspired with three judges to have Appellant's compel hearing denied while Appellant sat waiting on his motion to be heard on the very same day. Appellant has uncontroverted proof to offer any trial court that Appellee Willing failed to investigate his case against Judge

Martin Hoffman properly. But that evidence was prevented from being offered into evidence because the trial court erred by not addressing the pending motions to quash that prevented Appellant from obtaining limited discovery. The ability to call witnesses to the stand under oath and discovery are important elements of any civil or criminal case, which are violations of Appellant's due process and constitutional rights. Yet, Kastl objected to Drake's compel hearing **(CR: Vol 1, P: 513)**.

The trial court failed procedurally in assigning visiting judge Charles Ramsay. Appellant also argued before the trial court that he has been prevented from calling witnesses to the hearing, which are due process violations. **(RR: Vol 3 of 4, P: 31, L: 8—13)**.

When a defendant seeks a vexatious litigant declaration, the plaintiff may offer evidence to show there is a reasonable probability he will prevail in the litigation. *Amir-Sharif v. Quick Trip Corp.*, (App. [5th Dist.] 2013, 416 S.W.3d 914. As argued herein, the Appellant was prohibited in acquiring his witnesses by motions to quash that the trial court never ruled on before the visiting judge was assigned, ruled on, and signed the order to declare the Appellant as a vexatious litigant.

Appellant was not given any opportunity to call the witnesses that he needed to respond to Appellee Willing's motion to declare him as a vexatious litigant. Though the Appellant preserved his objections to Ramsay's assignment and to Appellees Willing's exhibits on August 19, 2014 on the record. **(RR: Vol 3 of 4, P: 10, L: 14—25, and P: 11, L: 1—25, P: 12, L: 1—12).** Pursuant to RR, Vol 3 of 4, Page 26, Lines: 6 through 7, the court is noted as overruling the Appellant's objections to the exhibits of Willing. The trial court did not overrule the Appellant's objection on August 19, 2014.

For these reasons the August 19, 2014 order declaring Appellant as a vexatious litigant should be vacated.

## L.   ISSUE NINE:

**Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because the trial court district judges had not responded or acted on Appellees jurisdictional issues or Appellant's special exceptions prior to assigning Appellee Willing motion to declare Drake a vexatious litigant and prior to actually signing of the motion**

The trial court failed to address important motions filed by the majority of the defendant's concerning jurisdiction. On June 17, 2014, Defendant Ginsberg filed a motion to transfer for lack of subject mater jurisdiction. On July 11, 2014 Defendant Kastl law filed a motion to transfer. On July 8, 2014 and July 17, 2014 Defendant Vikki Ogden filed a motion to transfer. (CR: Vol 1, P: 50—55; P: 125—133; P: 140—149).

Appellant answered those motions by responding on August 24, 2014 by filing special exceptions, motion to compel, motion for evidentiary hearing. But none of those motions that were filed by the Appellant or motions filed by any of the defendants that were important to the trial court jurisdiction were heard or acted upon by any by the trial court before the visiting judge was assigned to hear and rule on Appellee Willing's motion to declare Drake as a vexatious litigant (CR: Vol 1, P: 534—543; P: 234—244; 245—250). And when jurisdiction is an issue, it was improper for the

64

trial court to assign Judge Charles Ramsay to preside over or hear Appellee Willing motion until those issues where decided.

All of the district trial court judges erred and abused their discretion by not acting on the defendant's motions to transfer, motions to quash, and motion to recuse **(CR: Vol 1, P: 521—526)**.

Whether a court has subject-matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When jurisdictional facts are disputed, the manner in which the trial court analyzes the jurisdictional challenge depends on whether the disputed jurisdictional fact issues do or do not implicate the merits of the plaintiff's case. See *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.). If the disputed jurisdictional issue or facts do not implicate the merits, the court—not the jury—*must* make the necessary factual findings to resolve the jurisdictional issue. See *Miranda*, 133 S.W.3d at 226 ("'Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.'") (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997)). *Martin v. National Instruments Corp.*,

65

Court of Appeals, [3rd Dist.] 2013 Tex. App. Lexis 7021. However, a trial court cannot ignore jurisdictional facts as it has done in this case and assign a visiting judge to hear Appellee Willing's motion to declare Appellant a vexatious litigant—especially under the given facts. *Venable v. Sherbet*, Court of Appeals, [5th Dist.] 365 S.W.3d 359; 2010 Tex. App. Lexis 9083.

The trial court conducted no hearings pursuant to the defendant's objection to jurisdiction, nor did it make any rulings concerning jurisdiction before assigning the visiting judge to hear the Appellee Willing motion to declare Appellant as a vexatious litigant. And though Appellee Willing filed a plea to the jurisdiction, the trial court never addressed even that issue. Furthermore, Appellee Willing has said in open court through her counsel and in her pleadings that the Appellant's claims against her have been falsely made. A plea to the jurisdiction cannot be sustained where the contention is to the effect that the plaintiff has falsely stated a claim, which, in fact, is nonexistent, for this is a matter of defense on the merits. *City of Austin v. Savetownlake.Org*, Court of Appeals of Texas, [3rd Dist.] Austin 2008 Tex. App. Lexis 6471. Appellee Willing did not support its plea with relevant facts, but in this case more importantly, the trial court did not act on any parties plea to jurisdiction—which is error and an abuse of discretion.

66

The trial court failed to resolve factual issues before assigning Charles Ramsay to hear the Appellee Willing motion to declare Appellant as a vexatious litigant. This failure is an important preempt to a hearing such as declaring a party as a vexatious litigant or to any motions, which would suspend or dismiss a plaintiffs cause of action.

All ten (10) district judges in Travis County failed to take even the minimum action. There was never a hearing on Appellant's motion to recuse, and until that *Motion* is determined no judge can rule or carry out any orders. The _sham_ orders signed by one district court judge and one County court judge will not overcome the _untimeliness_ of their sham orders, and the fact that a visiting judge was appointed improperly before Appellant motion to recuse was decided is an even greater issue because the visiting judge could not be assigned until the recusal was procedurally disposed of properly. Thus trial court's orders signed on August 19, 2014 are void.

Appellant directs the Court's attention to Appellee Willing order. What the Appellee Willing was attempting to do is cover apparently a recusal and vexatious hearing together, and neither worked properly. **(CR: Vol 1, P: 547—555)**. Thus, the sham order of referral, sham order of recusal, and the order declaring Appellant a vexatious litigate each order

67

signed on August 19, 2014 should be vacated and sanctions filed against Seanna Willing, and Scot Graydon for conspiracy and perjury.

## M.   ISSUE TEN:

**Trial court abused its discretion in signing the August 19, 2014 order declaring Appellant vexatious because Appellee Willing's motion to declare Drake as a vexatious litigant was procedurally defective**

Appellee Willing's motion to declare the Appellant, as a vexatious litigant is procedurally defective as already pled herein to this Court. Appellee Willing attorney failed to conference with the Appellant. Rather than taking the proper steps to correct the motion of conferencing with Appellant and filing an amended motion to declare the Appellant a vexatious litigant, Appellee Willing's attorney Scot Graydon decided to commit fraud upon the court and lied to the trial court. There are other procedures that Willing fail to undertake to declare Appellant Drake as a vexatious litigant.

Scot Graydon did not conference with the Appellant by mistake, he did so knowingly to avoid letting the Appellant know he was going to file the motion, and to avoid having his motion denied pursuant to local rules. When Mr. Graydon heard judge Meachum say on August 7, 2014, that the

68

Travis County local rules requires a conference he hurriedly tried to repair his intentional mistake. But because he failed to follow proper procedure and Travis County local rules, Graydon's plans did not produce what he had schemed. Moreover, Appellee Willing not only failed to conference with Appellant but she failed to give adequate time for the Appellant to respond to her motion to declare him as a vexatious litigant. On August 7, 2014 Scot Graydon claims that he conference with the Appellant and gave Appellant a copy of his motion to declare him as a vexatious litigant, which again is not true. The hearing on that motion was held on August 19, 2014 which is only 12 days from Mr. Graydon's claims of when the Appellant was served, which was not adequate time to properly respond to the motion. Similar to a motion for summary judgment, a motion to declare a person, as a vexatious litigant will alter a lawsuit, and in many cases result in a dismissal. Under the Tex. R. Civ. P., a party must give the party who's being served a summary judgment 21 days notice. The purpose of notice provision is to give the party opposing the motion a full opportunity to respond on the merits. *Stephens v. Turtle Creek Apartments, Ltd.*, 875 S.W.2d 25, 26 (Tex. App—Houston [14th Dist.] 1994, no writ). Likewise, Appellant should had

69

been given a 21 days notice. In addition, the trial court had dismissed the case and the Appellant had no warning that the hearing was going to take place and be heard.

Appellee Willing advised Judge Ramsay through her legal counsel in the trial court that Appellant's motion to recuse does not effect him (Judge Ramsay) because [he] (Judge Ramsay) was not named in the recusal. **(RR: Vol 3 of 4, 13—23).** Willing's attorney goes on to say that there is good cause for the trial court to continue in light of Appellant's motion being filed **(RR: Vol 3 of 4, 19—23).** Pursuant to Tex. R. Civ. P., once a judge has a motion to recused filed against him or her, the case cannot be heard by another judge until that motion to recuse is decided, which never occurred in this case. Willing horribly provides the trial court with justification for her ignoring well-seated case law. Appellee Willing goes on to advise the trial court that Appellant's motion to recuse is defective, however, case law reinforces that this is not a reason for a court to ignore TRCP 18a, 18b. **(RR: Vol 3 of 4, P: 19, L: 7—13).** Appellee Willing further argues to the trial court that if the trial court declares Appellate a vexatious litigate and later decides that this was improper that there is no harm caused to the Appellate. Of course, Appellate has already been substantially harmed in many ways

70

after Judge Ramsay wrongfully declared him a vexatious litigate, which he will sue all parties involved in federal court including Judge Charles Ramsay. **(RR: Vol 3of 4, P: 22, L: 7—19)**. Appellee Willing admits that she failed to conference with the Appellate but somehow believes that she cured the defect by committing perjury to the trial court through her legal counsel. **(RR: Vol 3 0f 4, P: 44, L: 23—25, and P: 45: 1—25)**.

The trial court made procedurally fatal decisions of appointing a visiting judge to hear a motion before addressing important pending issues, especially Drake's motion to recuse. And even though the Appellant addressed those issues before the trial court, the visiting judge erred by not stopping the hearing. Judge Charles Ramsay erred by not recusing himself because he was not properly assigned to hear the motion to declare Appellant as a vexatious litigant. The Judge Ramsay erred by continuing to hear Appellee Willing's motion to declare the Appellant as a vexatious litigant in light of the fact that the Appellant was not allowed to have witnesses that he chose to testify at the August 19, 2014 hearing to declare him as a vexatious litigant. The trial court's order of recusal filed into the trial court's record was defective. The trial court's order of referral filed into

71

the trial court's record was likewise defective. Judge Charles Ramsay was improperly assigned to hear Appellee Willing's motion by a court administrator and not a judge. Then finally, Scot Graydon's perjury was fatal to the order the visiting judge signed on August 19, 2014.

**N.** **ISSUE ELEVEN:**

**Appellee Seanna Willing alleged immunity did not apply and or if it did Appellee Willing the trial court erred in not dismissing her from the Appellant cause of action**

Appellant argue that Willing's sovereign immunity did not deprive the trial court of jurisdiction because Appellant alleged that his rights were violated by Willing pursuant to an unconstitutional law, and action which did not require the State's consent in order to sue. On page 34 of Appellant's original petition (CR: Vol 1, P: 38) Drake pleads race discrimination and conspiracy. Willing's legal counsel admitted on August 19, 2014 that Drake underlying charges against Appellee Willing were under 42 U.S.C. 1983 violations of his constitutional rights (RR: Vol 3 of 4, P: 27, L: 1–9).

Drake also pled irreparable and continuing harm caused by the actions of Appellee Seanna Willing (CR: Vol 1, P: 39). In particularly, Appellant requested that Appellee Willing turn over to the trial court his compliant against Judge Martin Hoffman (CR: Vol 1, P: 40). Appellant asks the trial court for a permanent injunction against Willing abusive ways, "Likewise, Seanna Willing aided and abetted state judge Martin Hoffman in covering up his discriminative acts against Drake." Willing also assisted Judge Hoffman

73

in concealing his federal felony offenses, (obstruction of justice) thus aiding a sitting judge in the commission of an actual felony crime.

The Appellant requested the trial court to order Appellee Willing to properly investigate claims made by him and other nonwhites **(CR: Vol 1, P: 45)**. Sovereign immunity generally protects the State from lawsuits for damages absent legislative consent to sue the State. However, when a party's rights have been violated by the <u>unlawful acts of a state official</u> or by a state agent acting pursuant to an unconstitutional law, the suit is not an action against the State requiring the State's consent. Declaratory relief is the proper remedy when challenging the constitutionality of a statute and that "plaintiffs" *are not required* to obtain the State's consent before suing for declaratory judgment.

The trial court never addressed or ruled on Willing's plea to jurisdiction, as such Willing is not protected by just filing the plea. "The truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court." *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, No. 3-99-171-CV, slip op. at 5. Sovereign immunity generally protects the State from lawsuits for damages absent legislative

74

consent to sue the State. See *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). However, when a party's rights have been violated by the unlawful acts of a state official or by a state agent acting pursuant to an unconstitutional law, the suit is not an action against the State requiring the State's consent. See *Texas Workers' Compensation Comm'n v. Garcia*, 862 S.W.2d 61, 72 (Tex. App.--San Antonio 1993), rev'd on other grounds, 893 S.W.2d 504. This is true even though the judgment may be binding on the State. See *Id.* Because Appellant's rights had been violated by Appellee Willing, a state official acting pursuant to an unconstitutional statute, he properly brought suit to remedy the violation or prevent its occurrence. *Printing Indus.*, 600 S.W.2d at 265-66. Appellee Willing filed a plea to the trial court's jurisdiction to determine the subject matter of the cause of action—however, the trial court as stated herein never addressed that issue.

The Texas Supreme Court has held that private parties may seek declaratory relief against government officials who allegedly act without legal or statutory authority. *IT-Davy*, 74 S.W.3d at 855; see *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 37 Tex. Sup. Ct. J. 968 (Tex. 1994). TEX. CONST. Art. I, § 19. Texas courts have traditionally followed contemporary federal due process interpretations of procedural due process

issues. *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929, 38 Tex. Sup. Ct. J. 910 (Tex. 1995) see U.S. CONST. amend. XIV. The Texas Supreme Court has held that, "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of due process must be satisfied." *Id.* at 930 (citing *Goss v. Lopez*, 419 U.S. 565, 574, 95 S. Ct. 729, 736, 42 L. Ed. 2d 725 (1975)). As already argued, the minimal due process rights of the Appellant were violated. A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).

When an affirmative claim for relief is filed by a governmental entity, immunity from suit no longer completely exists for the governmental entity.

The Uniform Declaratory Judgment Act (UDJA) provides a waiver of sovereign immunity, as in the case of *Drake v. Seanna Willing*, because Appellee Willing failed to perform a purely ministerial act [investigate Judge Hoffman] properly when she possessed absolute proof that Judge Martin Hoffman treated the Appellant differently than he did white attorneys. Appellee Willing also had the testimony of an officer of the court

76

that testified under oath that Judge Hoffman was hostile toward Appellant Drake. If Willing's plea to jurisdiction was meant to dismiss the Appellant's claim against her, then she did not have the right to file a motion to declare Appellant as a vexatious litigant because the trial court did not have subject matter jurisdiction over her. However, when Willing filed her motion to declare Drake as a vexatious litigant, that in itself removed any immunity because she was seeking affirmative relief outside of her plea to jurisdiction.

Traditionally, appellate courts construe the pleadings liberally in <u>favor</u> of the plaintiff, or in this case: the Appellant. Drake's intent was for the trial court to review Willing's alleged investigation into Judge Martin Hoffman and for the Appellee Willing to turn over to the trial court all paperwork and results from that investigation and an order from the trial court—ordering Willing to investigate nonwhites claims against judges, white judges in particularly, in a fair and proper manner. Appellee Willing could not had received better evidence from any complainer than what she received against Judge Martin Hoffman, but Willing was still unable to find any need to correct Hoffman's behavior because of racial discriminative ways against the Appellant and her conspiring with Judge Hoffman, and her efforts to cover up Judge Hoffman's criminal behavior of assisting white attorney with

77

their obstruction of justice. These acts waived any immunity that Appellee Seanna Willing or Judge Martin Hoffman may have had as a state employees or officers. Willing's affirmative defense claim of declaring Appellant as a vexatious litigant waived immunity—thus, Willing's failed to prove the first prong of Chapter 11 of the Texas Practice & Remedies Code, because she failed to prove to the trial court that the Appellant could not prevail against her. Willing only offered the fact of her alleged immunity as to the reason Appellant could not prevail against her—which in this case, she does not have immunity and or its waived. **(RR: Vol 3 of 4, P: 26, L: 21—25, P: 27, L: 1—15).**

Willing's counsel said in open court that Appellant was suing Appellee Willing in her individual capacity also, **which is true**, Graydon pointed out that in Drake's original petition under prayer, Appellant requested: "Wherefore, Plaintiff prays for a judgment against Defendants and each of them as follows." Appellant asked for damages against each defendant which Willing was included. **(CR: Vol 1, P: 47–48).** Rather than ask for another continuance the Appellant requests that the Court orders the court reporter to amend the transcript. And since Willing is guilty of conspiring with state judges, ignoring compelling evidence, and of racial

discrimination. [*Persons sued in their individual capacities, on the other hand, may not rely on sovereign immunity protections for claims against them in that capacity, although they may assert the defense of official immunity.*] Appellant argues that Willing conduct was not lawful and that she failed the "good-faith" test standard in light of her conduct. In order words, a reasonably prudent state official in Willing's position with the amount of evidence that the Appellant provided to Willing would not have came to the same conclusions. "Defendants claiming immunity are subject to suit if the "plaintiff" sought monetary damages from them in their individual capacity. *Id.* and n. 10. *Brown v. Brown*, U.S. Court of Appeals 6th Cir. 1990 U.S. App. Lexis 21851. Neither the trial court nor judge Charles Ramsay failed to resolve the Appellant's injunction or declaratory issues or addressed Appellee's plea to jurisdiction or before declaring him a vexatious litigant. An applicant for a temporary injunction must establish that the party has a probable right to the relief sought and that the party will suffer a probable injury in the interim, pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 57, 37 Tex. Sup. Ct. J. 18 (Tex. 1993); *City of Friendswood v. Registered Nurse Care Home*, 965 S.W.2d 705, 707 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

79

There is no question that Appellee Willing will engage in the same discriminative ways, not only toward Appellant but most likely toward any nonwhites who complain about white state judges, and non-attorneys who may file claims in her office against state judges. There is more than a probability that the Appellant will suffer future and similar harmful conduct and scheming by Appellee Willing's if a court does not issue an injunction against her. And finally an injunction is an *equitable remedy*, not a cause of action—thus, Willing failed to prove that Appellant could not prevail against her in an equitable remedy. *Brown v. Ke Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). A state official does not enjoy immunity when he or she has committed crimes or assisted others like Judge Hoffman in his aiding of obstruction of justice, by impeding or hiding or assisting Judge Hoffman by not properly investigating a criminal act by a state judge which is her duty. Willing became part of Judge Hoffman's crime by her actions which grants her no immunity for those actions. She vacated her immunity and suffocated her reasons she provided the trial court as to why the Appellant could not prevail against her **(RR: Vol 3 of 4, P: 26, L: 21—25, P: 27, L: 1—15).**

80

In closing the trial court further erred in the following additional ways: (1) the trial court erred when it signed the order declaring Drake a vexatious litigant when Appellant received notice that the court had singed his motion for nonsuit and Willing's motion was not on the court's docket. Appellant did not receive proper notice; (2) the trial court erred when it signed the order declaring Appellant a vexatious litigant because the trial court had a ministerial duty to ensure that the Appellant was provided with the requisite advance notice of that hearing pursuant to section 11.053(a) of the Texas Civil Practice and Remedies Code—this did not occur in Appellant case; (3) the evidence was legally and factually insufficient to support the trial court's order declaring Drake a vexatious litigant because Willing failed to comply with the first prong of the Tex. Civ. Prac. & Rem. Code and for all other reasons cited herein; (4) the trial court erred when it failed to file the requested findings of fact and conclusions of law **(CR: Vol 1, P: 604—606)**; (5) the trial court erred when it failed to have a hearing on Appellant motions to reconsider the trial court's orders declaring Drake a vexatious litigant **(CR: Vol 1, 608—639)**; (6) the trial court erred as a matter of law when it signed the orders declaring Drake a vexatious litigant because it failed to apply the "liberal construction" standard to his pleadings.

81

## CONCLUSION

The trial court failed in the ways described herein to even conduct reasonably impartial hearings in regards to the Appellant Drake.

Appellee Willing did not meet its burden in establishing that Appellant had no reasonable probability of success in prevailing against her, which is the first prong in declaring a plaintiff vexatious, pursuant to Chapter 11 of the Texas Practice & Remedies Code.

The Trial Court erred and abused its discretion in the ways described as pled herein, which were substantial. The visiting judge, Charles Ramsay had no authority to sign orders or act on Appellee Willing's motion to declare him vexatious. Appellant Drake requests that the Court vacate the following orders that were signed on August 19, 2014 pursuant to cause number: D-1-GN-14-001215, which would include all orders the Appellant has directed this Court to in this brief, including: the August 19, 2014 order declaring Appellant Drake as a vexatious litigant with prefiling order; the August 19, 2014 orders of referral and recusal that this Court has been directed to in this brief, and that these orders should be stricken from the record and vacated for the reasons pled herein.

Appellant finally requests all and any other relief that the court may grant him that he may show justification.

Respectfully submitted,

Appellant Drake
Pro-Se
P.O. Box 833688
Richardson, Texas 75083
214-477-9288

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I served the foregoing "APPELLANT' BRIEF," by causing one paper copy *Hand Delivered* to the Clerk of the Court of the 3rd Court of Appeals Austin, and one copy was delivered to Appellee Willing legal counsel, Scot Graydon by U.S. mail. All other parties named herein advised Appellant that they were not a part of this appeal because Appellant filed a motion for nonsuit and it was granted.

Scot Graydon
300 West 15TH Street, Ste 2
Austin, Texas 78701
512-475-4413

David Harris   [Refused copy because case nonsuited at trial level]
300 West 15TH Street, Ste 2
Austin, Texas 78701
Telephone: 512-475-4413

Kastl Law P.C.  [Refuse to respond–*Hand delivered copy*]
4144 N. Central Expressway
Ste 300, Dallas, Texas 75204
Telephone: 214-821-0230

Vikki Ogden [Frank Waite refused copy because case nonsuited at trial]
411 Elm Street, Ste 500
Dallas, Texas 75202
Telephone: 214-653-7568

Appellant Drake

84

# CERTIFICATE OF COMPLIANCE

1. EXCLUSIVE OF THE EXEMPTED PORTIONS, THE BRIEF CONTAINS **14, 980** words.

2. THE BRIEF HAS BEEN PREPARED:

    A. In proportionally spaced typeface using:

    Software Name and Version: **Microsoft Word 2008**

    in Times Roman font, 14 point for text and 12 point for footnotes.

_____
Appellant Drake
Pro-se

March 2, 2015

# APPELLANT'S APPENDIX EXHIBITS
## ACTUAL EXHIBIT'S ARE SUBMITTED TO THIS COURT IN A SEPARATE BOUND FOLDER

1. EXCERPT FROM APPELLANT'S ORIGINAL PETITION FILED IN THE TRIAL COURT SHOWING THAT APPELLANT SUED WILLING AS AN INDIVIDUAL (REQUESTING DAMAGES);

2. EXCERPT FROM DEFENDANT SEANNA WILLING MOTION HER (CERTIFICATION OF CONFERENCE) WHERE WILLING ATTORNEY SCOT GRAYDON WAS UNTRUTHFUL TO THE TRIAL COURT IN SAYING THAT HE CONFERENCE WITH APPELLANT AND DRAKE RESPONDED BY SAYING, "PLAINTIFF IS OPPOSED;"

3. SHAM ORDER OF REFERRAL BY TRIAL COURT;

4. SHAM ORDER OF RECUSAL BY TRIAL COURT;

5. ORDER ON APPELLANT'S MOTION FOR NONSUIT;

6. APPELLANT'S MOTION FOR NONSUIT;

7. APPELLEE'S ORDER DECLARING APPELLANT AS A VEXATIOUS LITIGANT;

86

8. APPELLANT AMENDED RESPONSE TO APPELLEES DECLARING HIM AS A VEXATIOUS LITIGANT;

9. RECORDERS RECORD OF THE AUGUST 19, 2014 HEARING TO DECLARE APPELLANT AS A VEXATIOUS LITIGANT BEFORE JUDGE CHARLES RAMSAY.

# No:03-14-00665-CV

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN, TEXAS

### ERIC DRAKE

*Plaintiff–Appellant*

v.

### KASTL LAW FIRM P.C. ET AL

*Defendant–Appellee*



RECEIVED
MAR 0 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## ON APPEAL FROM THE 200TH DISTRICT COURT TRAVIS COUNTY, AUSTIN, TEXAS

### Trial Court No. D-1-GN-14-001215

# APPENDIX EXHIBITS

**Eric Drake**
**Pro-Se**
**Appellant**
**PO Box 833688**
**Richardson, Texas 75083**
**214-477-9288**

## ORAL ARGUMENT REQUESTED

## <u>AFFIDAVIT OF ERIC DRAKE</u>

**STATE OF TEXAS** §
§
**COUNTY OF DALLAS** §


BEFORE ME, the undersigned authority, came and appeared ERIC DRAKE, who being duly sworn, stated as follows:

"My name is ERIC DRAKE. I am above the age of eighteen years of age and I am fully competent to make this affidavit. I am the Appellant in this appeal. I have reviewed the Court's file in this matter. I have personal knowledge of the facts stated herein and such matters are true and correct. Specifically, I swear and/or affirm that the attached are true and correct copies of the following under the penalty of perjury:

# <u>APPENDIX EXHIBITS</u>

1.  EXCERPT FROM APPELLANT'S ORIGINAL PETITION FILED IN THE TRIAL COURT SHOWING THAT APPELLANT SUED WILLING AS AN INDIVIDUAL (REQUESTING DAMAGES);

2.  EXCERPT FROM DEFENDANT SEANNA WILLING MOTION HER (CERTIFICATION OF CONFERENCE) WHERE WILLING ATTORNEY SCOT GRAYDON WAS UNTRUTHFUL TO THE

1

TRIAL COURT IN SAYING THAT HE CONFERENCE WITH APPELLANT AND DRAKE RESPONDED BY SAYING, "PLAINTIFF IS OPPOSED;"

3. SHAM ORDER OF REFERRAL BY TRIAL COURT;

4. SHAM ORDER OF RECUSAL BY TRIAL COURT;

5. ORDER ON APPELLANT'S MOTION FOR NONSUIT;

6. APPELLANT'S MOTION FOR NONSUIT;

7. APPELLEE'S ORDER DECLARING APPELLANT AS A VEXATIOUS LITIGANT;

8. APPELLANT AMENDED RESPONSE TO APPELLEES DECLARING HIM AS A VEXATIOUS LITIGANT;

9. RECORDERS RECORD OF THE AUGUST 19, 2014 HEARING TO DECLARE APPELLANT AS A VEXATIOUS LITIGANT BEFORE JUDGE CHARLES RAMSAY

FURTHER AFFIANT SAYETH NOT.




_____

Eric Drake


Subscribed and sworn to me on this the ___25th___ day of February, 2015 to certify

which, witness my hand and seal of office.


_____

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

NOTARY PUBLIC
STATE OF TEXAS

KEVIN BILOTTI
My Commission Expires
December 12, 2018

# Exhibit "1"

Excerpt from Appellant's Original Petition

Filed with the Trial Court

...alleged for all purposes and incorporated herein with the same force and effect as se forth verbatim. Plaintiff further shows as follows:

a). By extreme and outrageous behavior of depriving the Plaintiff of a just and fair timely settlement by resorting to misrepresenting facts, and fraud.

b). By extreme and outrageous behavior of Kastl law firm as pled herein;

c). By extreme and outrageous behavior of Vikki Ogden's as pled herein;

d). By extreme and outrageous behavior of CRCB as pled herein;

e). By extreme and outrageous behavior of Carl Ginsberg's as pled herein;

f). Defendants conduct proximately caused severe emotional distress to the Plaintiff;

g). Plaintiff's severe emotional distress cannot be remedied by any other cause of action.

h). Defendant's wrongful conduct caused the damages named herein, and those damages were intentionally sought by the Defendant to cause increased pain.

112. As a result of the above Defendants intentional inflictions to the Plaintiff, the Plaintiff has suffered, and will continue to suffer, actual damages, loss income and benefits, humiliation and emotional distress. Plaintiff has no adequate remedy at law and therefore declaratory and injunctive relief is appropriate to redress the wrongs committed by the above Defendants. The intentional emotional distress cause by the Defendants were aggravated by the kind of willfulness, conspired, wantonness, fraud, malicious acts, fraud committed through interstate commerce, willingness to make false and misleading statements, and malice for which the law allows imposition of exemplary damages.

## PARYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants and each of them as follows:

**PLAINTIFFS ORIGINAL PETITION/REQUEST FOR INJUNCTIVE RELIEF**  **PAGE 43**

1. Special damages for Plaintiff Eric Drake in an amount to be determined at trial;

2. General damages for Plaintiff Eric Drake in an amount to be determined at trial;

3. Punitive Damages in an amount to be determined at trial;

4. Cost of suit;

5. Attorney fees for preparation and trial;

6. Attorney fees if there is to be an appeal to the Supreme Court of Texas;

7. Incidental damages;

8. Past mental anguish;

9. Future mental anguish;

10. Past and future emotional distress;

11. Prejudgment interest;

12. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff and against each and every Defendant in the above entitled, numbered and styled cause of action for compensatory damages, punitive damages, attorney fees, cost of court, pre-and post judgment interest at the highest rate allowed by law and for such other further relief, general and special at law and in equity to which Plaintiff may be justly entitled.

# Exhibit "2"

Excerpt from Defendant Seanna Willing's

Motion, (Certification of Conference) where

Scot Graydon is untruthful to the trial court in making

The statement that "Plaintiff is opposed"

Scot Graydon never asked that important question to Drake

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120/FAX (512) 320-0667

*ATTORNEYS FOR DEFENDANT SEANA WILLING*

## CERTIFICATE OF CONFERENCE

At 9:50 p.m. on August 6, 2014, the undersigned conferred in person in court with Mr. Eric Drake, *Plaintiff Pro Se*, regarding the underlying Motion and the setting of the hearing, and while Plaintiff is opposed to *Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant*, he indicated that he was aware of the hearings on the various Motions to Declare Him a Vexatious Litigant set on August 19, 2014 at 9 a.m. at the address in this Supplemental Notice. Mr. Drake was provided with a copy of *Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant* and the original *Notice of Hearing* for that Motion, and he indicated that he would be physically present in court for the hearings on that date.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

2

# Exhibit "3"

Sham Order of Referral by trial court

Notice sent: Final Interlocutory None   DC       BK14240 PG83

Disp Parties:_____

Disp code: CVD / CLS _____

Redact pgs:_____

Judge _SAy_  Clerk _RT_

CAUSE NO. D-1-GN-14-001215

| | | |
|---|---|---|
| ERIC DRAKE | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| KASTL LAW P.C., ET AL | § | |
| | § | |
| Defendant. | § | 200TH JUDICIAL DISTRICT |

Filed in The District Court of Travis County, Texas

AUG 19 2014

At ____5:00____ P.M.

Amalia Rodriguez-Mendoza, Clerk

## ORDER OF REFERRAL TO REGIONAL PRESIDING JUDGE

The Court, having today received Mr. Eric Drake's attached motion, ORDERS that Plaintiffs' Motion to Recuse is referred to the Regional Presiding Judge.

Signed this 19th day of August, 2014.

_____
Judge Presiding

546

# Exhibit "4"

Sham Order of Recusal by trial court

Notice sent: Final Interlocutory None

Disp Parties:_____

Disp code: CVD / GLS _____

Redact pgs.:_____

Judge JDP   Clerk RT

DC                    BK14240 PG78

Filed in The District Court
of Travis County, Texas

AUG 19 2014

At _____
Amalia Rodriguez-Mendoza, Clerk

## CAUSE NO: D-1-GIN-14-001215

| | | |
|---|---|---|
| **ERIC DRAKE** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **VS** | § | |
| | § | |
| | § | |
| **KASTL LAW P.C. ET AL** | § | 200TH JUDICIAL DISTRICT |
| **Defendants** | | |

### ORDER ON PLAINTIFF'S MOTION TO RECUSE

After considering Plaintiff's Eric Drake, Motion to Recuse the response, the pleadings and arguments of counsel, the following judges: Samuel T. Biscoe, Ron Davis, Bruce Todd, Gerald Daugherty, Margaret Gomez, David Phillips, Eric Shepperd, Scott Jenkins, Rhonda Hurley, Darlene Byrne, Gisela D. Triana, Amy Clark Meachum, John K. Dietz, Lora Livingston, Stephen Yelenosky, Tim Sulak, Orlinda Naranjo, James L. Arth, Leonard Saenz, J. Andrew Hathcock, John Hathaway, John Lipscombe, Mike Denton, Nancy Hohengarten, Brandy Mueller, Elisabeth A. Earle, Carlos H. Barrera, Cliff Brown, David Wahlberg, Karen Sage, David Crain, Julie Kocurek, Brenda Kennedy, Jim Coronado, and Leon Grizzard.

- o AGREES to recuse herself or himself

- o REFUSES to recuse herself or himself and refer this motion to another judge to hear the matter.

Signed this _19_ day of _August_, 2014, Austin, (Travis County) Texas.

_____
HONORABLE JUDGE
Phillips

Solo Page

545

# Exhibit "5"

Order on Appellant's Motion for Nonsuit

Filed In The District Court
of Travis County, Texas

EM AUG 1 4 2014

At _____ *7:09* P.M.

Amalia Rodriguez-Mendoza, Clerk

CAUSE NO: D-1-GIN-14-001215

| | | |
|---|---|---|
| ERIC DRAKE | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | TRAVIS COUNTY, TEXAS |
| | § | |
| VS | § | |
| | § | |
| | § | |
| KASTL LAW P.C. ET AL | § | 200TH JUDICIAL DISTRICT |
| | | |
| **Defendants** | | |

## ORDER ON PLAINTIFFS MOTION FOR NONSUIT

~~Having reviewed the Plaintiffs motion for nonsuit, and the fact that the Defendants did not conference with the Plaintiff prior to filing their motions into the Court's record.~~ *The Court considered the Plaintiffs Motions For Non-Suit on 8-14-14.*

THE COURT GRANTS Plaintiffs motion for nonsuit, nonsuiting all defendants in the above entitled, numbered, and styled cause of action.

This the ___*14th*___ day of August, 2014, Austin (Travis County) Texas.

_____

HONORABLE JUDGE

Notice sent: ~~Final   Interlocutory   None~~

Disp Parties: __*All*__

Disp code:  CVD / CLS __*4615*__

Redact pgs: _____

Judge __*LJL*__   Clerk __*RT*__

# Exhibit "6"

Appellant's Motion for Nonsuit

| | | |
|---|---|---|
| **ERIC DRAKE** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **VS** | § | |
| | § | |
| | § | |
| | § | |
| **KASTL LAW P.C. ET AL** | § | **200TH JUDICIAL DISTRICT** |
| | | |
| **Defendants** | | |

## PLAINTIFFS MOTION FOR NONSUIT

**TO HONORABLE SAID JUDGE:**

COMES NOW, Plaintiff, Eric Drake and respectfully moves this Court for nonsuit of the above cause of action without prejudice.

1. Defendants have filed several motions with the Court. Motions to transfer, motions to determine the Plaintiff as a vexatious litigate and motions to change venue. None of the defendants conferenced with the Plaintiff prior to filing their motions with the Court, thus violating the local rules. And because there are no pending motions that the Court can hear, for the reason that defendants motions were filed improperly and in violation of the local rules and TRCP, Plaintiff nonsuit motion should be granted or he will file appeal to correct.

2. Plaintiff finds that the Court have possibly conspired against him with the defendants. Since the defendants have failed to conference with the Plaintiff the Court must deny their motions, though they may re-file but their refilling will come too late. Plaintiff therefore files this nonsuit without prejudice. Plaintiff has not witnessed such corruption as in Travis County courts judges which exceeds Dallas County, and those issues will addressed with further litigation.

WHEREFORE, PLAINTIFF, Eric Drake pray that the Court nonsuit the above cause of action without prejudice of its refilling.

Respectfully submitted;

Eric Drake

PO Box 25565, Dallas, Tx 75225

214-477-9288

## CERTIFICATION OF CONFERNECE

Plaintiff attempted to conference with defendants and or their respected attorneys but was unable to reach them regarding the Plaintiffs motion for nonsuit. Plaintiff files this motion for nonsuit for the Court's consideration.

_____
Eric Drake

## CERTIFICATION OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document has been delivered to the opposing attorneys of record via US Mail on this the ____7th____ of August, 2014.

_____
Eric Drake

# Exhibit "7"

Appellees Order Declaring Appellant

As a vexatious litigant

CAUSE NO. D-1-GN-14-001215

| | | |
|---|---|---|
| ERIC DRAKE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| KASTL LAW P.C., SEANA | § | |
| WILLING, CARL GINSBERG, AND | § | |
| THE COURT OF REPORTERS | § | |
| CERTIFICATION BOARD, | § | |
| Defendants. | § | 200TH JUDICIAL DISTRICT |

Filed in The District Court of Travis County, Texas AUG 19 2014 12⁴⁰ M. At Amalia Rodriguez-Mendoza, Clerk

## ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

On August 19, 2014, in accordance with TEX. CIV. PRAC. & REM. CODE § 11.053, this Court held a hearing on Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant. Plaintiff has filed a Motion to Recuse and seeks to recuse every District Judge in Travis County.

In accordance with TEX. R. CIV. P. 18a(f)(2)(A), ~~this Court~~ *a judge subject to a motion to recuse* "must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record."

This Court **FINDS** that good cause exists for hearing Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant, noticed for hearing on August 19, 2014 at 9 a.m. The good cause supporting proceeding with said Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant includes the following:

1. Plaintiff Eric Drake was notified that on August 19, 2014, multiple motions to have him declared a vexatious litigant were set to be heard, including Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant;

2. The purpose of the vexatious litigant statute is to prevent abuse of the judicial

547

system by *pro se* litigants[1];

3. Plaintiff Eric Drake filed a Motion for Non-Suit on August 7, 2014, beginning the 30 day plenary jurisdiction of the trial court;

4. Plaintiff Eric Drake filed a Motion to Recuse on August 7, 2014, seeking recusal of "all judges so that the judge that have (sic) ruled improperly against him does not continue his or her abusive behavior." (Plaintiff's Motion to Recuse, page 2, ¶ 4);

5. Plaintiff Eric Drake's Motion to Recuse is defective on its face in that it:

   a. is based solely on the judge's rulings in the case (Plaintiff's Motion to Recuse, page 1, ¶ 4 [second ¶ 4 on that page] ); and

   b. does not state with detail and particularity facts that would be sufficient to justify recusal;

6. In the event that this Court does not proceed with the hearing on August 19, 2014, it is likely that the recusal process will allow Plaintiff Eric Drake to evade the purposes of the vexatious litigant statute by allowing him to improperly exhaust the trial court's plenary jurisdiction; and

7. Plaintiff Eric Drake has additionally demonstrated the bad faith of his Motion to Recuse and this litigation as a whole by stating his intent to file suit against the spouses of District Judges in Travis County as well as the spouses of other state

[1] In enacting Chapter 11 of the Texas Civil Practice and Remedies Code, Texas legislature sought to strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit. *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex.App.-Dallas 2009, pet. denied). Additionally, purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *In re Potts*, 399 S.W.3d 685, 688 (Tex.App.Houston [14th Dist.] 2013, orig. proceeding) *citing In re Potts*, 357 S.W.3d 766, 768 (Tex.App.-Houston [14th Dist.] 2011, orig. proceeding).

2

officials in an effort to evade any immunities that attach to those officials;

8. Plaintiff Eric Drake brought his Motion to Recuse without sufficient cause and solely for the purpose of delay, specifically to exhaust the trial court's plenary jurisdiction without allowing the trial court to consider Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant;

9. In the event that the Motion to Recuse is later granted, any order related to Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant can be vacated, so no irreversible harm exists in hearing the matter.

Accordingly, this Court **FINDS** that good cause exists to hear Defendant Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant on August 19, 2014 at 9 a.m. and the Court having reviewed the motion, pleadings, the law, evidence and arguments of all parties, enters the following order:

On April 28, 2014, Eric Drake filed this lawsuit, claiming federal civil rights violations against Defendant Seana Willing, alleging violations of 42 U.S.C. §§ 1983. Eric Drake also made multiple claims against other defendants in this litigation.

In the instant suit, Eric Drake makes the conclusory assertion that although Defendant Seana Willing conducted an investigation initiated by Eric Drake, including evidence provided by Eric Drake, because Eric Drake did not like the outcome of the investigation, "Plaintiff identifies the following rights he opines were violated: "the Plaintiff (sic) First Amendment Rights have been violated, his Equal Protection Rights have been violated, his Due Process clause." (Complaint, ¶ 97).

3

549

These assertions are unaccompanied by the pleading of any specific allegation of what legal interest he has in the outcome of an investigation by a state agency, or how the actions of Seana Willing deprived him of a constitutionally protected interest.

Despite the absence of such allegations of fact, Eric Drake seeks monetary damages and injunctive relief requiring Seana Willing to provide this Court with the complaint made by Eric Drake and to justify to this Court the administrative determination of the Texas Commission on Judicial Conduct regarding a specific complaint. Eric Drake does not identify any legal authority that allows for a judicial review of such an investigation, nor does he explain how this Court should have jurisdiction to evaluate the judicial conduct of another district judge, when such jurisdiction is provided under Article V, sec. 1-a(10) of the Texas Constitution to reside with the Commission on Judicial Conduct.

Accordingly, there is not a reasonable probability the plaintiff will prevail in the litigation against Seana Willing.

Over the last seven years, Eric Drake has filed this and commenced, prosecuted, or maintained as a *pro se* litigant numerous other litigations other than in small claims court that have been finally determined adversely to him. These include, but are not limited to the following litigations finally determined adversely to "Eric Drake":

1.  *Eric Drake v. Travelers Indemnity Company and Consumer County Mutual Insurance Co.*, In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-318;

2.  *Eric Drake v. Travelers Casualty Insurance Co., et al., In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-516;*

3.  *Eric Drake v. Bank of America*, In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-515;

4.  *Eric Drake v. Travelers Indemnity Company and Consumer County Mutual*

4

*Insurance Company;* In the United States District Court for the Western District of Texas, San Antonio Division; Civil Action No. 5:12-CV-00346;

5.    *Eric Drake v. Mary Smith, et al.;* In the United States District Court for the Western District of Texas, Waco Division; Civil Action No. W-12-MC-152;

6.    *Eric Drake v. Wendell Withrow, et al;* In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-303;

7.    *Eric Drake v. Mercedes Benz U.S.A.;* In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:12-CV-00041;

8.    *Eric Drake v. Robert Burns, et al.;* In the United States District Court for the Southern District of Texas, Houston Division; Civil Action No. 4:09-MC-606;

9.    *Eric Drake v. Penske Truck Leasing Co., L.P., Navistar International Corp., Gallagher Basset Services, Inc.;* In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-00183;

10.   *Eric Drake v. Penske Truck Leasing Co., LP., et. al.;* In the United States District Court for the Eastern District of Texas, Sherman Division; Case No. 4:12-CV-264;

11.   *In re: Eric Drake;* In the United States District Court for the Eastern District of Texas, Sherman Division; Case No. 4:11-MC-037;

12.   *In re: Eric Drake;* In the United States District Court for the Eastern District of Texas, Sherman Division; Case No. 4:11-MC-043;

13.   *In re: Eric Drake;* In the United States District Court for the Northern District of Texas, Dallas Division; Case No. 3:13-MC-078;

14.   *In re: Eric Drake;* In the United States District Court for the Southern District of Texas, McAllen Division; Action No. 7:14-MC-669;

15.   *Eric Drake v. Kristina Nadine Kastl, et. al.;* In the 193rd District Court of Dallas County, Texas; Cause No. DC-13-14911;

16.   *Eric Drake v. Wendell Withrow, et. al.;* In the 191st District Court of Dallas County, Texas; Cause No. DC-12-03942;

17.   *Eric Drake v. Consumer County Mutual Insurance Co.;* In the 44th District Court of Dallas County, Texas; Cause No. DC-09-04284;

18.   *Eric Drake v. Kristina Nadine Kastl, et. al.;* In County Court at Law No. 5 of Dallas County, Texas; Cause No. CC-13-03247;

551

19.  *Eric Drake v. James Selaiden;* In County Court at Law No. 3 of Tarrant County, Texas; Cause No. 2013-005772-3;

20.  *Eric Drake vs. United States of America;* In the United States District Court for the Middle District of Louisiana, Baton Rouge Division; Civil Action No. 3:12-cv-00372; and

21.  *Eric Drake vs. St. Paul Travelers Insurance, et al;* In the United States District Court for the Eastern District of Texas, Tyler Division; Civil Action No. 6:08-CV-301.

In addition, over the last seven years, Eric Drake has commenced, prosecuted, or maintained as a *pro se* litigant the following litigations other than in small claims court that have been finally determined adversely to him under the name "Eric Von Drake":

22.  *Eric Von Drake, In the United States District Court for the Northern District of Texas, Dallas Division; Civil Action No. 3:08-MC-064;*

23.  *In re: Eric Von Drake, In the United States District Court for the Northern District of Texas,* Fort Worth *Division; Civil Action No.* 4:08-MC-023;

24.  *Eric Von Drake vs. Edgar Lynn Rogers, et al.;* In the United States District Court for the Western District of Louisiana, Shreveport Division; Civil Action No. 08-0038; and

25.  *In re: Eric Von Drake;* In the United States District Court for the Western District of Texas, Austin Division; Action No. 1:08-MC-717.

Further, Eric Drake has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence. As with this instant litigation, a substantial part of the litigations identified *supra* arise out of the common occurrence of a car accident in February of 2007 and the litigation that followed. In three of the litigations that arose out of these same or substantially

6

552

similar facts, transition, or occurrence, a federal judge declared Eric Drake a vexatious litigant. These cases are:

1. *Eric Drake v. Travelers Indemnity Company and Consumer County Mutual Insurance Co.*, In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-318;

2. *Eric Drake v. Travelers Casualty Insurance Co., et al.*, In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-516; and

3. *Eric Drake v. Bank of America*, In the United States District Court for the Eastern District of Texas, Marshall Division; Civil Action No. 2:11-CV-515.

Despite repeated warnings from both state and federal courts, Eric Drake has commenced, prosecuted, and maintained the instant litigation as a *pro se* litigant against Defendant Seana Willing and other defendants, arising out of litigation following the February of 2007 car accident.

Courts cannot allow litigants to abuse the judicial system and harass their victims without consequence. Accordingly, the Court **FINDS** that Eric Drake is such a litigant and his conduct is subject to review and action by this Court.

Chapter 11 of the CIVIL PRACTICE AND REMEDIES CODE, provides this Court with the authority to prevent Eric Drake from using the judicial system to retaliate against and harass Defendant Seana Willing or any other party.

## ORDER

Chapter 11 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE governs suits brought by vexatious litigants. The Court may, on defendant's motion or *sua sponte*, designate a party as a vexatious litigant. TEX. CIV. PRAC. REM. CODE § 11.101.

7

A party may be declared a vexatious litigant if there **is not** a reasonable probability that he will prevail in litigation **and** the party has **either** (1) in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been finally determined adversely to the plaintiff **or** (2) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence. TEX. CIV. PRAC. REM. CODE § 11.054 (1) and (3).

As discussed above, Eric Drake does not allege or produce any evidence to establish a waiver of the sovereign immunity of Defendant Seana Willing with respect to his claims, nor does Eric Drake have standing to bring any cause of action against Defendant Seana Willing.

Accordingly, after reviewing the record and all the pleadings in the case, this Court **FINDS** that there **IS NOT** a reasonable probability that Eric Drake will prevail.

The Court also **FINDS** that Eric Drake has in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been finally determined adversely to Eric Drake.

The Court also **FINDS** that Eric Drake has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

The Court **ORDERS** that **ERIC DRAKE** is prohibited from filing *pro se* any new litigation in a court in this state, under the name **"Eric Drake," "Eric Von Drake," or any other name**, without first being granted permission to file by the local administrative judge,

8

554

pursuant to TEX. CIV. PRAC. REM. CODE § 11.101. Such permission shall be granted only if the litigation appears to have merit and is not filed for purposes of harassment or delay; such permission may also be conditioned on the furnishing of a security.

**ERIC DRAKE** is hereby **NOTIFIED** that he is subject to punishment pursuant to the inherent powers of the court or by contempt if he fails to obey this pre-filing order.

The Court further **ORDERS** that the Clerk of the Court is directed to notify the Office of Court Administration of this Court's declaration of Eric Drake as a vexatious litigant and this prefiling order, pursuant to TEX. CIV. PRAC. REM. CODE § 11.103 (a). The Office of Court Administration of the Texas Judicial System shall list Eric Drake a/k/a "Eric Von Drake" on the list of vexatious litigants subject to prefiling orders on the agency's Internet website. TEX. CIV. PRAC. REM. CODE § 11.103(b).

Finally, the Court **ORDERS** that proceedings in this matter are hereby stayed; that **ERIC DRAKE** is **ORDERED** to provide security to Defendant Seana Willing by posting a bond with this Court in the amount of $_____ to cover reasonable expenses incurred in connection with the litigation commenced by Eric Drake, including costs and attorney's fees; that, if Eric Drake fails to post a $_____ bond within ten calendar days of the signing of this Order, then this suit will be dismissed in its entirety, pursuant to TEX. CIV. PRAC. REM. CODE § 11.056.

_____8: 19 2014_____
Date

_____
JUDGE PRESIDING

9

# Exhibit "8"

Appellant's Amended Response to Appellees

Declaring him as a vexatious litigant

CAUSE NO: D-1-GIN-14-001215

| ERIC DRAKE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | TRAVIS COUNTY, TEXAS |
| | § | |
| VS | § | |
| | § | |
| | § | |
| KASTL LAW P.C. ET AL ET AL | § | 200TH JUDICIAL DISTRICT |
| | | |
| Defendants | | |

## PLAINTIFFS AMENDED RESPONSE TO DEFENDANTS TO DELCARE HIM AS A VEXATIOUS LITIGATE

TO HONORABLE JUDGE IN SAID COURT:

PLAINTIFF, ERIC DRAKE, comes forth and amends his response to Defendant Willing declaring him as a vexatious litigate and set forth the following:

1.      The Court violated Chapter 11 of the Tex. Civ. P. Rem. Code in declaring the Plaintiff a vexatious litigate.

2.      Plaintiff objects to the order signed by judge Charles Ramsay in form and content.

3.      Defendant Willing and her attorney Graydon failed to prove that he conference with the Plaintiff prior to filing their motion to declare the Plaintiff as a vexatious litigate, which was a violation of local rules. The trial court failed to make a legal finding that Willing and Graydon proved that he did conference with the Plaintiff. Defendant Willing motion is void and so is the order signed on August 19, 2014.

4.      As referenced by Exhibit 1, the docket sheet from Plaintiffs previous case against Kastl, the defendant Willing failed to prove that the court's ruling in Dallas was

1

564

correct and thus the Plaintiff had no reasonably probability of success against Kastl in the above suit. Defendant Willing failed to prove that the Plaintiff had no reasonably probability of success against her. Defendant Willing pled to the trial court that Plaintiff sued her in her official capacity, but Plaintiff was requesting an injunction against Willing in her official capacity, and damages in her unofficial capacity.

5. Plaintiff objects to the hearing that was conducted on August 19, 2014 to declare Plaintiff is a vexatious litigate. Plaintiff objects to the assignment of judges Strauss and Ramsay. Plaintiff asserts that Judge Charles Ramsay did not have the authority or jurisdiction to hear Willing vexatious litigate motion. Plaintiff objects to the prefiling order that was signed by judge Charles Ramsay entirety, in form and content, and Plaintiff objects Judge Ramsay hearing the motion and his ability to sign the order.

6. It is Plaintiffs opinion that the vexatious litigate statute is a violation of the Plaintiffs constitutional rights and due process rights. The Texas vexatious litigate statute requires pro-se litigates to have a better litigation record than attorneys who attend law school which denotes that the statute is grossly unfair to nonlawyers. The terminology "reasonable probability of success" is so vague that even attorneys is unable to define it or adhere to its standards. In cases like the Michael Jackson criminal case and O. J. Simpson criminal case, there was no reasonable probability of success. If these attorneys were likewise put to the same test as Chapter 11 of TCRC, with the same standards, Jackson and Simpson would have been found guilty and the attorneys would have been deemed as vexatious litigates. No attorney can say what litigation would be successful when a jury is requested. Plaintiff asked for a jury in the above cause of action.

2

7. There have been many attorneys who put thousands of dollars into cases, whether they are malpractice or other civil cases and the jury awarded nothing. How can we intelligently say that's ok, but if you were pro-se, its strike against you. There is a ruling that once a person is declared vexatious, it affects the person even if they are represented by counsel. The statute was developed only to make sure that the litigation filed by pro-se litigates has merit. If an attorney does not have the ability to review a case to determine if it has merit, then what is the statute really meant for. It is meant to punish pro-se litigate who use the civil justice system. And this mentality sends a clear message to the gangs in South Central LA and Chicago; to continue to take matters into your own hands. This statute needs to be brought to the attention of the U.S. Supreme Court, either through this appeal or a federal suit. And Plaintiff is ready for either.

8. Kristina Kastl of Kastl law firm was about to settle Plaintiffs claims against her until she heard Plaintiff was declared a vexatious litigate. The statute does more harm than good, but it only harms pro-se litigates. If Plaintiffs claims against Kastl were so frivolous, why would she even consider settling the case?

9. The vexatious litigate hearing on August 19, 2014 in the above entitled, numbered and styled cause violated the Plaintiff due process rights and Chapter 11 of the Tex. Civ. P. Rem. Code.

10. Defendant Willing and assistant attorney general Scot Graydon committed fraud to obtain the order to declare the Plaintiff as a vexatious litigate. The order is therefore void. Ramsay had no authority or jurisdiction to sign the order declaring the Plaintiff as a vexatious litigate, thus the order should be vacated. Plaintiff will file suit

3

against both assistant attorney general Scot Graydon in his unofficial capacity and Seanna Willing in her unofficial capacity in federal court for conspiracy to commit fraud, race discrimination, interstate fraud, violations of §1983, 1981, and 1985. Plaintiff do not believe that the Texas Attorney General Abbott instructed Graydon to commit fraud and lie to the trial court, nor do the Plaintiff believe the Judicial Commission instructed Willing to conspire to harm the Plaintiff. These actions were taken by Graydon and Willing on their own personal vendettas. However, it is apparent that the Travis County state court could careless if an assistant attorney general lies before the court and commit fraud to obtain an order. But the federal courts hopefully will look at these federal violations of the Plaintiffs rights much differently.

Respectfully submitted,

ERIC DRAKE
PO BOX 833688
RICHARDSON, TEXAS 75083
214-477-9288

## CERTIFICATION OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document has been delivered to the opposing attorneys of record via US Mail on this the 29th of August, 2014.

Eric Drake

4

# Exhibit "1"

# CASE SUMMARY
## CASE NO. DC-13-14911

| | | | |
|---|---|---|---|
| ERIC DRAKE | § | Location: | 193rd District Court |
| vs. | § | Judicial Officer: | GINSBERG, CARL |
| KRISTINA KASTLet al | § | Filed on: | 12/20/2013 |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
02/24/2014   ALL OTHER DISPOSITIONS

Case Type: **OTHER PROFESSIONAL MALPRACTICE**
Subtype: **LEGAL**

Case Flags: **DISCOVERY LEVEL 3**

---

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **PLAINTIFF** | **DRAKE, ERIC**<br>*PO BOX 25565*<br>*DALLAS, TX 75225* | **Pro Se**<br>214-492-9269(H) |
| **DEFENDANT** | **KASTL LAW PC**<br>*BY SERVING ITS REGISTERED AGENT*<br>*KRISTINA N. KASTL*<br>*4144 N. CENTRAL EXPRESSWAY, SUITE 640*<br>*DALLAS, TX 75204* | **JEE, ANDREW**<br>*Retained*<br>214-965-0011(W) |
| | **KASTL, KRISTINA NADINE**<br>*MAY BE SERVED AT HER PLACE OF EMPLOYMENT*<br>*KASTL LAW FIRM*<br>*4144 NORTH CENTRAL EXPRESSWAY, SUITE 640*<br>*DALLAS, TX 75204* | |
| | **OGDEN, VIKKI**<br>*GEORGE ALLEN COURT BUILDING*<br>*600 COMMERCE STREET 5TH FLOOR*<br>*DALLAS, TX 75202* | **PAYMA, MICHAEL D**<br>*Retained*<br>214-999-0000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/06/2007 | ORDER - LIMINE | *Vol./Book 532L,*<br>*Page 0497, 5 pages* |
| 12/20/2013 | NEW CASE FILED (OCA) - CIVIL | |
| 12/20/2013 | ORIGINAL PETITION | |
| 12/20/2013 | CASE FILING COVER SHEET | |
| 12/20/2013 | ISSUE CITATION | |
| 12/20/2013 | AFFIDAVIT INABILITY TO PAY<br>Party: PLAINTIFF DRAKE, ERIC | |
| 12/26/2013 | NOTICE OF HEARING / FIAT<br>*DISMISSAL HEARING* | |
| 12/31/2013 | CERTIFICATE OF DEPOSITION<br>*P/REQUEST TAKE DEPO OF KRISTINA N KASTL & SUBP DUCES TECUM* | |
| 01/17/2014 | ORIGINAL ANSWER - GENERAL DENIAL<br>*Original Answer - General Denial* | |

| | | |
|---|---|---|
| 01/17/2014 | ORIGINAL ANSWER - GENERAL DENIAL<br>*Original Answer - General Denial* | |
| 01/20/2014 | MOTION - MISCELLANOUS<br>*Motion - Contest of Plaintiff's Pauper's Affidavit* | |
| 01/21/2014 | MOTION - COMPEL<br>Party: PLAINTIFF DRAKE, ERIC<br>& M/COURT TO SEIZE ORIGINAL TAPE RECORDING | |
| 01/22/2014 | NOTICE OF HEARING / FIAT<br>*Notice Of Hearing / Fiat* | |
| 01/23/2014 | ORIGINAL ANSWER - DEFENDANT<br>*Defendant Vikki Ogden's Original Answer and Request For Disclosure* | |
| 01/27/2014 | ORDER - MEDIATION | *Vol./Book 532L,*<br>*Page 0496, 5 pages* |
| 01/27/2014 | SCHEDULING ORDER | *Vol./Book 532L,*<br>*Page 0498, 5 pages* |
| 01/29/2014 | RESPONSE<br>*Response* | |
| 01/31/2014 | ORDER - DENY<br>*Motion to Compel* | *Vol./Book 532L,*<br>*Page 0469, 1 pages* |
| 02/03/2014 | *CANCELED* MOTION HEARING (1:30 PM) (Judicial Officer: GINSBERG, CARL)<br>*REQUESTED BY JUDGE*<br>*ERIC DRAKE M/COMPEL 30 MIN FILED 1/21/14* | |
| 02/05/2014 | MOTION - DISMISS<br>*Defendant Vikki Ogden's Motion To Dismiss Under Tex.R.Civ.P.91a* | |
| 02/06/2014 | NOTICE OF HEARING / FIAT<br>*Notice of Hearing* | |
| 02/07/2014 | MOTION - QUASH<br>*Motion - Quash* | |
| 02/10/2014 | MOTION - QUASH<br>*Defendant Vikki Ogden's Motion to Quash Deposition* | |
| 02/10/2014 | MOTION - RECONSIDER<br>Party: PLAINTIFF DRAKE, ERIC | |
| 02/10/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER ON P M/RECONSIDER (ORDER NOT SIGNED)* | |
| 02/10/2014 | ORDER - ABATE<br>*and Notice of Potential Dismisssal* | *Vol./Book 532L,*<br>*Page 0675, 1 pages* |
| 02/10/2014 | MOTION HEARING (10:30 AM) (Judicial Officer: GINSBERG, CARL)<br>Events: 01/20/2014 MOTION - MISCELLANOUS<br>*Contest Pauper Affidavit* | |

| 02/11/2014 | 🖾 MISCELLANOUS EVENT<br>Party: PLAINTIFF DRAKE, ERIC<br>*DEF FAILED TO STATE WHY THEY ARE CHALLENGING INDIGENT STATUS* | |
|---|---|---|
| 02/14/2014 | 🖾 CORRESPONDENCE - LETTER TO FILE<br>*E-FILED RE: ORDER DENY P M/PROCEED W/OUT PAYMENT OF COSTS* | |
| 02/14/2014 | 🖾 MOTION - PROTECT<br>*Defendant Vikki Ogden's Motion For Protection From Discovery* | |
| 02/14/2014 | 🖾 MOTION - PROTECT<br>Party: DEFENDANT KASTL LAW PC; DEFENDANT KASTL, KRISTINA NADINE<br>*From Discovery* | |
| 02/14/2014 | 🖾 MOTION - PROTECT<br>Party: DEFENDANT KASTL LAW PC; DEFENDANT KASTL, KRISTINA NADINE<br>*From Discovery* | |
| 02/24/2014 | 🖾 ALL OTHER DISPOSITIONS (Judicial Officer: GINSBERG, CARL) | *Vol./Book 532L.*<br>*Page 0895, 1 pages* |
| 02/25/2014 | COLLECTIONS - FINANCIALS | |
| 02/26/2014 | *CANCELED* Motion - Dismiss (9:00 AM) (Judicial Officer: GINSBERG, CARL)<br>*CASE CLOSED* | |
| 03/10/2014 | 🖾 RETURN OF SERVICE<br>*Return of Service Affidavit* | |
| 03/26/2014 | 🖾 ORDER - VEXATIOUS<br>*Concerning Eric Drake* | *Vol./Book 532L.*<br>*Page 1299, 1 pages* |
| 03/27/2014 | NOTE - CLERKS<br>*O/Vexatious hand Delivered to Civ Cts Supv* | |
| 04/03/2014 | *CANCELED* DISMISSAL FOR WANT OF PROSECUTION (1:30 PM) (Judicial Officer: GINSBERG, CARL)<br>*BY COURT ADMINISTRATOR*<br>*INITIAL DISMISSAL* | |
| 01/13/2015 | *CANCELED* JURY TRIAL (9:30 AM) (Judicial Officer: GINSBERG, CARL)<br>*CASE CLOSED* | |

| DATE | FINANCIAL INFORMATION |
|---|---|

**PLAINTIFF DRAKE, ERIC**
| | |
|---|---|
| Total Charges | 288.00 |
| Total Payments and Credits | 0.00 |
| Balance Due as of 8/25/2014 | 288.00 |

# Exhibit "9"

Recorders Record of the August 19, 2014

Hearing to declare Appellant as a vexatious litigant

Before Judge Charles Ramsay

REPORTER'S RECORD
VOLUME 3 OF 4 VOLUME(S)
TRIAL COURT CAUSE NO. D-1-GN-14-001215
COURT OF APPEALS NO. _____

ERIC DRAKE                      )   IN THE DISTRICT COURT
                                )
                                )
                                )
VS.                             )   TRAVIS COUNTY, TEXAS
                                )
KASTL LAW P.C., SEANA           )
WILLING, CARL GINSBERG,         )
AND THE COURT REPORTERS         )
CERTIFICATION BOARD             )   200TH JUDICIAL DISTRICT

_____

DEFENDANT SEANA WILLING'S MOTION TO

DECLARE ERIC DRAKE A VEXATIOUS LITIGANT

_____

On the 19th day of August, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Charles Ramsay, Judge Presiding, held in Austin, Travis County, Texas:

Proceedings reported by machine shorthand.

APPEARANCES

FOR THE PLAINTIFF:

    Mr. Eric Drake
    Pro Se
    P.O. Box 25565
    Dallas, Texas  75225
    (214) 477-9288

FOR THE DEFENDANT SEANA WILLING:

    Mr. Scot M. Graydon
    SBOT No. 24002175
    ASSISTANT ATTORNEY GENERAL
    P.O. Box 12548, Capitol Station
    Austin, Texas  78711-2548
    (512) 463-2120

THE COURT: Be seated. Good morning.

MR. DRAKE: Good morning.

MR. GRAYDON: Good morning, Your Honor.

THE COURT: What do we have? Is it Drake versus -- what is the style? And could I have announcements?

MR. GRAYDON: Yes, Your Honor. It is Drake vs. Kastl Law, PC, et al. My name is Scot Graydon. I'm with the Office of the Attorney General. I am representing one of the defendants in this matter, Defendant Seana Willing, who is the executive director of the State Commission on Judicial Conduct. And we're here on my motion.

MR. DRAKE: Your Honor, my name is Eric Drake. I'm the plaintiff. And I would like to make sure that my objection to you hearing this case is on the record. The -- I filed a motion to recuse. No action was taken in the court whatsoever. I get here and all of a sudden I'm waiting -- I've been here since 8:00 o'clock and I have waited until 11:00, which is four hours, then they put me with a judge who is a visiting judge.

Pursuant to the TRCP, I can object to any visiting judge that is going to hear a case, and I just -- since this case is going to the appellate

court without question, I just wanted to have that objection on the record because it certainly -- the Court should have taken action on my motion to recuse. None of the judges did anything.

Pursuant to the TRCP, if you don't do anything at all, even if you hear this case, it's going to get reversed. No question about that in my mind. The TRCP clearly states that you cannot do nothing. And that's exactly what this Court has done, nothing. Then they surprise me, like they did on the 7th, sabotaged me. Here I am waiting on my motion to compel, and Mr. Graydon here gets together with Ms. Kastl's employee, tells them to go downstairs on the first floor to Judge Orlinda to sign an order, and I didn't even know the hearing was going on.

Now I come back today and they have more surprises for me. They didn't take any action whatsoever on my motion to recuse. TRCP says, fine, you don't want -- you don't want to take action on it, Judge, fine. Any other judge that hears this, it's going to get reversed and remanded. No question about that. And there's a lot of case law on that.

I actually pulled a docket sheet this morning and had it certified just for that particular reason. I have nothing against you personally,

Your Honor, but they are not following the TRCP here. They are waiting until I get here, and then throw all these surprises at me, which is unethical. It's unfair to me. If you're going to appoint a visiting judge, the court should have sent out a notice that we're appointing this visiting judge to hear your case. But they didn't follow that procedure.

Pursuant to that, and pursuant to even this, I mean, as I said, I have nothing against you personally, but it -- the -- procedurally wise, it -- the court has really not followed procedure, and this case will go to the appellate court.

If you should rule in favor of the defense, I will file a motion for new trial and put everything that I believe that the appellate court should see, and then file my motion to appeal.

And I have been in appellate courts in Texas and beat some of the finest appellate attorneys there is in Texas. And I can tell the Court that procedurally wise, you should not hear this case, that the court has circumvented what they should have done. The court has surprised me. The court has done things improperly. And that's all that I can say.

THE COURT: A brief reply?

MR. GRAYDON: Your Honor, as a

preliminary matter, I would like to make it clear to the Court that while there was an order resetting the hearing that Mr. Drake filed that was on August 7th, I had no knowledge that that was being done prior to the signature on the paper. I was aware of it after the fact. So any suggestion that I was involved in signing an order on that, without his knowledge, is simply not true.

Having said that, Mr. Drake has already objected to one visiting judge today, and it's my understanding that he does not get to do that on more than one occasion on one particular judge.

With respect to the motion to recuse, the ordinary course of business is for a respondent judge to send something to a -- to the regional administrative judge. And the respondent judge who has had a motion to recuse filed against him or her should not proceed further unless good cause is shown.

Now, you were not named in the motion to recuse. And out of an abundance of caution, I can provide the Court with good cause as to why this should go forward today. And I am prepared to do that if the Court would like.

My understanding was that this was just the announcements, but if you will tell me what you

would like me to -- procedurally, what you would like me to address --

MR. DRAKE: Your Honor --

MR. GRAYDON: -- I will be happy to.

MR. DRAKE: -- pretty much Mr. Graydon has already said -- I mean, I'm not trying to -- to really circumvent what he's saying by any stretch of the imagination. But I -- he may have never recused a judge before and he may not understand the recusal process.

The recusal process, there is tons of case law on it that demands that when I file that motion of recusal that the court can't do anything. What the court has done is taken no action. Again, wait until I got here, and then surprised me. You can't do that. You -- the court should have sent out notices saying, okay, Mr. Drake, you want to recuse all of us, we're all recused. We're appointing this judge here to hear your case, will give me a chance to see, A, are there any conflicts, are there any problems, et cetera, et cetera, et cetera.

I mean, literally, due process-wise, the court has just run over me with a Mack truck, thinking because I am a pro se litigant that I'm not going to say anything about it. No.

MR. GRAYDON: If I may, Your Honor.

THE COURT: You may proceed with your reasons and your evidence.

MR. GRAYDON: Yes, Your Honor. First of all, I would like to present the Court and opposing party with Rule 18a, the recusal.

THE COURT: Mr. Drake, you may be seated --

MR. DRAKE: Yes, sir.

THE COURT: -- while he's --

MR. DRAKE: Yes, sir. Thank you.

MR. GRAYDON: Additionally, I'm providing the Court with *Watkins v. Pearson*, which is 795 S.W.2d 257. I have tabbed for the Court and for opposing party the relevant section, which clearly says that if I am able to demonstrate good cause as to why a court should go forward, even with a judge who is named in a recusal motion, the court may go forward on the matter without -- as required -- excuse me -- within Rule 18a(f)(2)(A), which is the Texas Rule of Civil Procedure that is relevant to this matter.

The good cause that I would put forth is as follows: Within the Court's file it can be noted that there were various motions to declare Mr. Drake a vexatious litigant that were filed and set

for August the 19th. The first motion was filed on June the 18th of 2014. Mine was filed more recently, on August the 5th of 2014. Mr. Drake received notice of it. It was mailed to him on August the 5th of 2014. And there was a supplemental notice of hearing that was sent to him on August the 7th of 2014, which, in addition, attempted to correct procedural -- any potential procedural defect with respect to conferring; because I conferred on August the 7th with Mr. Drake to ascertain the fact that he was, first of all, opposed to the motion to have him declared a vexatious litigant that I filed; and also that he was aware of and would be present at the hearing today. And so I filed the supplemental notice, which, in the event that a court might construe there to be some kind of defect, cures that defect.

Moreover, the purpose of the matter here today is to entertain the motion to have him declared vexatious litigant under Civil Practices and Remedies Code Chapter 11. The purpose of that is to prevent abuse of the judicial system by pro se litigants, that it -- the Legislature, according to Drum v. Calhoun, 299 S.W.3d 360 at 364, out of the appellate court of Dallas was -- indicates that the Texas Legislature sought to strike a balance between

Texans' right to access their court and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit.

Moreover, *In re: Potts*, 399 S.W.3d 685 at 688, out of the 14th Court of Appeals in Houston, indicates that the purpose of the statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success, while at the same time providing protection for litigants' constitutional rights to open court when they have genuine claims that can survive the scrutiny of administrative -- of the administrative judge and the posting of security to protect defendants.

The purpose of this statute is to protect the judicial system from the abuse that Mr. Drake is perpetrating in this case and has done for years.

Mr. Drake, while aware of this, filed a motion for nonsuit on August the 7th of 2014, which as the Court would be aware, begins the Court's plenary jurisdiction to entertain matters and that would be entertained for 30 days.

He then, on the same day, filed a motion to recuse every judge in the county so that nobody could hear the motion to have him declared a vexatious litigant; in the hopes that the process involved in filing a motion to recuse would take long enough to run out the Court's plenary jurisdiction so that no hearing could be held on the motion to have him declared a vexatious litigant.

There's no other purpose in filing a motion to recuse in a case that was nonsuited.

MR. DRAKE: I would have to object to him saying what my mindset is, Your Honor.

THE COURT: Sustain the objection.

MR. GRAYDON: The motion itself seeks to recuse all judges so that the judge -- the judges that improperly ruled against him do not continue his or her abusive behavior, which is on page two of his motion to recuse.

Mr. Drake filed the motion to recuse on the date in which courts did not hear his motion to compel. They did not hear his motion to compel because, as per Civil Practice and Remedy Code 11.052, upon the filing of a motion to have him declared a vexatious litigant, all litigation -- all other aspects of the litigation must cease until that matter

is heard. And so the courts were without power to hear his motions to compel that he set after the motion to recuse was file -- or after the motion to have him declared vexatious was filed. And then subsequently he filed that motion to compel, and then tried to have it set when he was aware that all litigation aspects were stayed.

In the motion to recuse, it is defective on its face. It does not -- first of all, it is based solely upon the judge's rulings from July the 7th -- or from August the 7th of 2014, which under Rule of Civil Procedure A -- 18a(a)(3) says that the motion to recuse must not be based solely on the judge's rulings in the case. And you can ascertain from plaintiff's filings that the only reason that he puts forth why people should be recused is based upon the rulings on his motion to compel and the subsequent motions to quash. That is listed in his motion to recuse on page one, paragraph four. Just for clarity, there are two paragraph fours listed on page one, and I am referring to the second paragraph four on page one of his motion to recuse.

In the event that the Court does not proceed with hearing on this today, it is very likely that the recusal process will allow Mr. Drake to evade

the purpose of the pro se litigant stat -- of the vexatious litigant statute by allowing him to improperly exhaust the Court's plenary jurisdiction, or at least benefit from the exhaustion of the Court's plenary jurisdiction due to the filing of his motion to recuse.

Additionally, I'd like to show the Court what I am going to refer to as Exhibit A. I have filed some exhibits that, if the Court hears me, there are 62 other exhibits, so I can either call this A in an attempt to not be confusing with those other exhibits, or I can call it 63, I believe. What would the Court prefer?

THE COURT: It's your case.

MR. GRAYDON: Okay. I'm going to go with Exhibit A simply to avoid confusion.

THE COURT: All right.

MR. GRAYDON: Your Honor, I move to have Exhibit A admitted. This is a letter that Mr. Drake sent to me in -- along with some other motions that he filed in this lawsuit that relates to his intent to file suit against the judges who refused to have the hearings against him. I would ask that this be admitted for this hearing.

THE COURT: Number A is admitted.

(Defendant's Exhibit A admitted.)

MR. GRAYDON: I would also point out, Judge, that this shows the bad faith that Mr. Drake shows, as exhibited in this litigation, not only by identifying that he intends -- and my understanding from this morning is that he has filed the lawsuit that he is referring to in this letter.

Is that correct?

THE COURT: You don't need to answer the question.

MR. GRAYDON: Your Honor, yes, sir. It is my understanding that he has filed the federal litigation that he is referring to in this law -- letter, that includes not only the filing of suit against the three judges who statutorily could not hear his motion to compel; but it also indicates that he intends to sue their spouses and the spouses of the other State officials and other State officials in an effort to avoid any kind of immunity that might attach to a State official. He's intending to go after spouses.

This demonstrates the vexatious nature of his litigation, as well as the bad faith that he is showing in his actions. You may certainly infer from his actions that he is providing bad faith.

In light of that, Mr. Drake brought his motion to recuse without sufficient cause, and I think the evidence shows it can be inferred solely for the purpose of delay, specifically to try to exhaust the Court's plenary jurisdiction while the case has already been nonsuited, so that he may avoid having the hearing on the motion to have him declared a vexatious litigant.

In the event that the Court goes through and has this hearing, and the Court of Appeals or the regional administrative judge later determines that a motion to recuse would have been proper, then if the Court enters an order today granting my motion, it can simply be vacated. It is within the Court's ongoing authority to vacate an order or judgment that the Court has entered. So there is no harm, no permanent and irreversible harm, that would occur if the Court hears this matter today, even if the Court granted this matter today. Even if the Court granted this matter today in error, there would be no irreversible harm.

On the other hand, if the Court does not allow this matter to go forward today, then it is very likely that the plenary jurisdiction will expire and that Mr. Drake, who is -- was at the time faced

with at least three motions to have him declared a vexatious litigant, will have been able to evade that by filing a motion to nonsuit when it became clear that the Court was not going to enter any other aspect of litigation before entertaining the motion as is required by statute.

I can certainly call Mr. Drake to the stand to testify as to whether or not he filed the lawsuit. And, in fact, I would like to call Mr. Drake to the stand.

THE COURT: Would you raise your right hand and be sworn.

MR. DRAKE: I object. He has not subpoenaed me to -- to testify and he cannot call me to the stand unless he has subpoenaed me to do so. And I object.

THE COURT: Objection is overruled, but I'm not going to require you to take the stand.

MR. DRAKE: All right. Thank you.

May I respond to some of this that he's saying?

THE COURT: You may later.

MR. DRAKE: Okay.

THE COURT: When he gets through, you may.

MR. GRAYDON: Mr. Drake, did you recently file a lawsuit in the Northern District -- in the United States District Court for the Northern District of Texas?

THE COURT: I'm not going to force him to answer. You need to move on.

MR. GRAYDON: Okay. Mr. -- Mr. Drake, did you file all of the lawsuits identified in Exhibits 1 through 62 that were attached to the motion that was filed?

MR. DRAKE: I haven't had a chance to look at them yet, at this point in time. You'll have to identify --

MR. GRAYDON: Please -- please, take your time.

MR. DRAKE: No. No.

MR. GRAYDON: Take your time. They're right here, they're in front of you. I've handed them to you.

MR. DRAKE: Objection. I object. I object. We're not -- we're not going to have an argument -- Your Honor, we shouldn't be arguing here. Let him just go ahead and present his case because there are some procedural problems with his motion. He did not -- he stood here and told the Court that he

conferenced with me and he did not conference with me. That's number one.

Under the local rules, he has to conference with me before he filed his motion. He failed to do so. And he realized that, so on the 7th, he tried to botch it up. With -- with him filing this motion without conferencing with me, it is defective. And I am quite sure that the appellate court will reverse a ruling to declare me as a vexatious litigant when his motion itself is defective. He needs to stand -- he needs to stay with the Chapter 11 of the Texas civil code of remedy and prove his case based upon that. And he has failed to do so.

MR. GRAYDON: I haven't even begun, Your Honor.

MR. DRAKE: Well, I'm waiting. Go ahead.

THE COURT: Be seated.

And you may proceed.

MR. GRAYDON: I'm going to move to have Exhibits 1 through 60 -- 1 through 62, which were attached to the motion to dismiss -- excuse me -- to the -- Seana Willing's Motion to Declare Eric Drake a Vexatious Litigant that was filed with the Court on August the 5th of 2014. I would ask that Exhibits 1

through 62 be admitted into evidence.

THE COURT: 1 through 62 are admitted.

(Defendant's Exhibits 1-62 admitted.)

MR. DRAKE: I would like to also object to those exhibits being that -- for what he's trying to use them for, they are defective. And I note my objection.

THE COURT: Objection overruled.

MR. DRAKE: Okay.

MR. GRAYDON: In fact, Your Honor, I have certified copies, if I can give them to the Court.

THE COURT: You may.

MR. GRAYDON: One moment, please, Your Honor.

Your Honor, Chapter 11 requires that a defendant show a couple of different things in order to have an order entered declaring Mr. Drake a vexatious litigant. The first is that Mr. Drake has -- I want to get the language correct here -- that there is not a reasonable probability that the plaintiff will prevail in the litigation.

In the instant case, Ms. Willing filed a plea to the jurisdiction in which she identifies that she has sovereign immunity and that Mr. Drake has

articulated no waiver of sovereign immunity. In addition, it demonstrates that Mr. Drake did not establish his standing to bring any claims against Ms. Willing. And he has not alleged even a prima facie case against Ms. Willing. Moreover, because he sued Ms. Willing in her official capacity, the underlying charges against him were under 42 U.S.C. 1983, a violation of his constitutional rights, and Ms. Willing in her official capacity is not legally considered a person within the meaning of 42 U.S.C. 1983. That matter is fully briefed in the Defendant Seana Willing's plea to the jurisdiction, which was on file before the filing of the motion to declare Eric Drake a vexatious litigant. So there is no likelihood that he would succeed in this matter against Ms. Willing even before he filed his nonsuit in this case.

Once that's established, then he -- the -- there are a couple of different ways in which Mr. Drake's vexatious litigant history may qualify under Chapter 11. He has previously been declared a vexatious litigant in federal court, which is articulated on Exhibit 1, in which the Eastern District -- the federal court in the Eastern District of Texas, in three separate lawsuits, entered a single

opinion declaring him a vexatious litigant and barring him from filing any further suits in that district without the permission of the senior judge.

So pursuant to Texas Civil Practice and Remedies Code 11.054, paragraph 3, Mr. Drake qualifies to be declared a vexatious litigant under that section of the statute.

In addition, under 11.054(1)(A) and (B), if -- it may be shown that the plaintiff has commenced, prosecuted, or maintained as a pro se litigant at least five litigations, other than in small claims court, that have been, (A), finally determined adversely to the plaintiff; (B), permitted to remain pending at least two years without having been brought to trial or hearing; or (C), determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure.

The relevant portion will be that I have -- I have demonstrated and provided the Court with evidence of at least five litigations, other than in small claims court, that have been finally determined adversely to the defendant, which all were filed within the last seven years, as is required by CPRC 11.054.

In fact, I have not provided the Court with evidence of only five, I have provided the Court with evidence of 25 different lawsuits within that relevant time period that Mr. Drake has filed as a pro se litigant that have been adversely determined against him.

In addition to that, in the motion to declare a vexatious litigant, I have identified -- I have identified some lawsuits that he has filed that have been adversely determined at the trial court level, but that are on appeal. I believe that is in 15 -- page 15 and 16 of Defendant Willing's Motion to Declare Eric Drake a Vexatious Litigant. He has not had a final adverse determination, so those are not included in the 25 that have been adversely determined against him.

Your Honor, in light of the fact that this lawsuit has been nonsuited, but apparently he has refiled in federal court, with respect to this litigation, I do not know that requiring Mr. Drake to put forth security in this cause number, which is D-1-GN-14-001215, I don't know that asking him or ordering him to furnish security would be appropriate at this time. But what we would ask the Court to do is declare him a vexatious litigant and, further, to

enter the prefiling order that that chapter allows.

In the event that you have -- in the event that you grant this, I do have a proposed order that contains the good cause that I have presented, and so I would ask the Court to -- in the event that it grants the motion to file that order, that I can provide it to the Court.

THE COURT: Anything -- anything further?

MR. GRAYDON: No, Your Honor.

THE COURT: Reply.

MR. DRAKE: Thank you, Your Honor.

The plaintiff will reply first by saying that, again, the motion is defective because Defendant Willing failed to follow local rules and conference with me. In fact, none of the defendants conferenced with me. We got some defendants that won't talk to me on the telephone, won't even -- won't talk to me at all.

In regards to Mr. Graydon's false testimony that he conferenced with you, he has perjured himself, and I am going to find it pleasure to prove that he did so. But that's for another court.

In order to declare me as a vexatious

litigant, the defendant will have to prove that the case that I filed, not just Ms. Willing, but the case itself against each and every defendant -- this is the difference between someone who don't understand and has not researched the vexatious litigant statute as well as I have. When there is multiple defendants, you have to prove that each one of the defendants that the plaintiff could not prevail against, not just one. Case law substantiates that.

Number two, he can't prove -- I haven't been allowed to prove that Ms. Willing is not because of due process. I have tried to subpoena witnesses on my behalf to testify and each time they have had motions to quash, whether I'm trying to take depositions, or subpoenaed them here. I believe that the appellate court will agree with me that you can't have it both ways, Ms. Willing. You cannot cut my arm off and say that you cannot have your witnesses that you need for this hearing to declare me as a vexatious litigant, and at the same time say, Mr. Drake, now go swim with these iron shoes on, as you -- and compete with Mark Spitz. He cannot say I cannot have the witnesses that I need without violating my due process rights.

In regards to the motions itself for

transfer, there is case law that says that the appellate court will reverse if I am not allowed to take depositions. I tried my best to get my discovery together so that I could properly bring this case before the Court so that the Court could see that I have a strong case, but I cannot possibly prove my case if I'm hindered from discovery, if I'm hindered from getting my witnesses here today. Each one of the defendants has systematically filed their motions to quash any effort that I've made in order to try to establish that.

They want to declare me as a vexatious litigant, but they do not want me to be able to prove my case, that these cases does have vitality, that they are -- that it does have merit.

But, again, Your Honor, based on case law, Mr. Graydon here would have to prove that every defendant on that -- that's in this case, that I have no probability of proving that case. And that has been tried against me with much better attorneys than he do, with *Drake v. Andrews*, and I'm the Drake, and they lost in the appellate court because the court says they failed to prove that Mr. Drake didn't have any reasonable probability of success.

And I'm pretty sure that the appellate

court will agree with me that if you're going to restrict me from being able to have the witnesses that I need, that that in itself is stopping me from being able to prove my case, that it does have merit. Every turn, they have stopped me from being able to get the witnesses to show that those cases are -- that this case is -- you know, that it has merit.

Then further, Your Honor, as we look at this case, vexatious litigant case law says that if I file suit against 35 defendants -- now, this is case law. This is not something that Mr. Graydon could read. And one of those defendants, I settle with them, they cannot declare me as being a vexatious litigant.

Also, the same case law that I will plead to the appellate court, if I have to do so, in the Third Circuit, says that if I can prove that any one of those defendants that I have filed suit against, Ms. Kastl, any of them, that that case has merit, which Mr. Graydon didn't say Ms. Kastl's lawsuit didn't have merit. He only pointed to Ms. Willing. He would have to prove that each one of these defendants that I filed against them involve that.

Then, moreover, Mr. Graydon, what he

has done is that he said, here is all this evidence to the court, but he has not called out the cases that he and himself have determined that were against me, that they were finally ruled against me. Yes, there are cases that are on appeal, but what I'd like to see, Your Honor, Mr. Graydon to do is to say, okay, Your Honor -- and he said that I filed 25 cases in the last seven years, which is also a falsity. That's not true. There are cases right now on appeal, yes. In fact, there are cases that he has probably included in here that have been settled that he don't even know that they have been settled.

In regards to the Eastern District of Texas, he told this Court that they declared me as a vexatious litigant, and that is a lie. What the court did do is say that in order for you to come back to this court, because one of the judges got upset with me filing pleadings there, the judge ruled that I would have to get permission before I could come back as a pauper. The court did not declare me as a vexatious litigant. That court also made the assumption that the *Andrews* case that I fought for seven years, that I had been declared as a vexatious litigant. That was overturned because the appellate court recognized that Mr. Drake is not a vexatious

litigant. In fact, Mr. Drake has never been declared properly as a vexatious litigant, ever. Mr. Graydon here has stood before this Court and gave this Court false information.

Now, before this Court makes any decisions, I would respectfully request the Court -- because I didn't know what he was going to say -- I would respectfully request this Court to take both arguments under advisement and allow each one of us to file, if we need be, briefs. And in my brief I will point out -- because either I'm going to file it here or I'm going to file it in the Third Circuit, either one. I'm going to point out the fact that, number one, that no federal court has declared me as a vexatious litigant; number two, that I have not filed 25 cases that have been adverse against me in the past seven years. Some of those cases that he talked about, I've settled.

And, again, if I have 25 defendants - this is what case law says, Your Honor - and I settle with any one of those defendants, the case cannot be construed as being vexatious. Because attorneys do that all the time. They file suit and they have many, many different defendants, and then they will let this guy go and let that guy go, and et cetera, et cetera.

But I think the biggest issue here -- one of the biggest issues is my due process. They're preventing me from calling my witnesses that I need. I tried to call Ms. Willing. No, motion to quash. You can't quash me and then not allow me to bring them.

I tried to bring Ms. Ogden, which that case, if the court would allow me to put her on the stand and cross-examine her, you'd say, wow, yeah, Mr. Drake got a case here. But what do they do? They file motions to quash. Ms. Kastl: Motions to quash. Everybody has filed their motions to quash, and if this Court should rule in favor of Ms. Willing, I think the appellate court will say, well, Judge, you can't -- you can't stop Mr. Drake from putting on his evidence, if that's what they're trying to do, and at the same time declare him as a vexatious litigant. You cannot do that. And that's what their -- that's what their goal. They did not want me to be able to prove my case by trying to stop me from taking depositions.

When I file a lawsuit, Your Honor, I'm aggressive. I am. I filed a lawsuit and I come right out of the gates with discovery, written discovery, depositions. And the only thing that they can do to stop me is file a frivolous motion like this to try to

stop me from moving forward.

Now, Mr. Graydon also said that, well, Mr. Drake knows that the statute itself stays everything. I saw that they -- that they had filed notice that I was already a vexatious litigant, because the judge in Dallas County, Judge Ginsberg, on his own declared me as a vexatious litigant based upon an older order that had already been reversed, part of what the appellate court had done. Well, but that came too late. So Judge Ginsberg's order came too late. And I can prove that.

Ms. Kastl, that case, I have over 32 pieces of evidence. Ms. Kastl don't want to take that stand. She already has perjured herself in Dallas, Texas. And so I filed a suit here trying to get this together and to move forward.

But if the Court should grant the defense motion, then it would force me to file an appeal, and the appellate court is going to ask a simple question, was Mr. Drake's rights -- due process rights violated? Yes, they were, because I can't get any witnesses here because they'll block them. You can't do that, and then declare me a vexatious litigant. You can't block me from trying to prove my case and at the same time say, these cases doesn't

have merit. That's what they want. They want it both ways, Your Honor, and you can't have that.

The motion is -- and it's improper before the Court because, again, Mr. Graydon did not conference with me. And he said -- he stood here and said that he did. Well, he's going to see that again in not only appellate court, but through the Bar association.

Procedurally, his motion is also -- it fails. He has not shown that the entire case against -- that he's referring to is frivolous. He's just only pointed out his one client, and he'll have to show that each one of those defendants is frivolous, and he's failed to do so.

You can't pick and choose and say, well, I want to pick this defendant and say, well, see, this case, Your Honor, is not good, but the rest of them, he never commented on them. He never commented on Ms. Kastl's case. He never commented on Ms. Ogden's case. He never commented on any of these cases whatsoever. So he's failed to prove the first prong, and that is, whether or not I would be successful or not against any and all of those, not just one. And there's case law that will substantiate that, too.

THE REPORTER: Is there -- is it Ms. Olgen or --

MR. DRAKE: Ogden, O-g-d-e-n. Vikki Ogden. Yes, ma'am.

THE REPORTER: Thank you.

MR. DRAKE: In many respects it's already brought up, the court has failed to follow the TRCP as far as the recusal, and Mr. Graydon spent a lot of time with that. But Mr. Graydon, himself, failed to follow the local rules. We were here on the 7th, Your Honor, sitting in court, and Mr. Graydon realized that he hadn't conferenced with me so he could try to fix it. But you -- you don't try to fix it - I'm not going to tell him how to fix these pleadings. He's an attorney - to have -- to have made that work for him, but he did not conference with me. And I can prove it. He stood here and told the Court an outright, flat-out lie, and I'm going to be able to prove that to the Court, too.

He told the Court that I conferenced with Mr. Drake, and I asked Mr. Drake whether or not, indeed, you know, through any -- when you're -- when you're talking about a conference, whether or not he was opposed to it, he didn't use that language. He knows that and I can prove that.

The defendant's motion is moot because he failed to do what he should have done. And more importantly, Your Honor, because he failed to conference with me, his motion, itself -- and I'm not going to tell him how he should have fixed it. But he was so in a hurry when he heard Judge Meachum, Amy Meachum, say that, hey, we've got a new rule here that you have to conference, and he realized he hadn't conferenced with me, so he tried to go out and put a Band-Aid on it, and that's not how you should have done it.

My motion for nonsuit has been signed by the court, by a judge, by a sitting judge, and that motion for nonsuit was filed before he had a chance to file anything else to try to correct his motion. And I will show the appellate court, if I have to, that. He has failed to file this timely and procedurally correct, and because he has, the Court should deny it.

Not only that, but, there again, as far as the prong of showing that each and every one of those defendants that I had no reasonable probability of being successful against, he has failed. And I have yet to hear, in the last five years, what cases he's referring to. I'd like for him to put that on the record what cases he's referring to that were --

were ruled against me. I don't -- I don't know what those cases are. I would like for him to put that on the record.

The last -- the statute says that I -- he would have to be able to prove, he said, in seven years, six years, the last at least six cases that -- excuse me -- five cases that I have had ruled against me. I have not heard those cases at all. And this is going to be something that we'll have to deal with in the appellate court, but the vexatious litigant statute is a state injunction. It does not stop me from filing federal lawsuits at all. It is a state injunction. It has -- and there is case law that proves that. That means that, what he don't know, that you can't even use, technically speaking, any federal lawsuits because the federal lawsuits have nothing to do with state claims. But the case law will speak to this. Of course, he don't know this, and he'll have to go research it.

I have been tried -- there have been defendants that have tried to declare me as a vexatious litigant since 2004 and no one yet has been able to withstand what the appellate court says, no, that won't work.

And in this particular case, due

process rights have been violated. He's failed to show that each and every one of these defendants -- he cannot show this -- that each one of the defendants, that I have no merit to it. He can't show that. That's impossible. It's literally impossible for him to show this. And if I don't prove it to this Court, I know very well that I'll prove it to the appellate court. There's no question about that.

I'll also prove to the Court that he's failed to even show that there has been six cases that have been ruled against me. I would like to see those cases, those state cases that have been ruled against me.

Your Honor, this motion for vexatious litigant is just a way to stop me from getting to the discovery in this case.

Now, let me explain to the Court very quickly, and then I will close, what happened on the 7th. On the 7th, I came to this Court with the expectation of having my motion to compel to be heard. And what happened was that Mr. Graydon here got together with Ms. Kastl's assistant, he went out in the hall and he told him to go downstairs and get Ms. Orlinda --

MR. GRAYDON: Your Honor, I'm going to

need to object. This is not accurate as to what happened in the least.

THE COURT: Overrule the objection. You can answer later.

MR. GRAYDON: Yes, sir.

MR. DRAKE: And next thing you know, the case was moved to another court. And Timothy Sulak says, I'm sorry, Mr. Drake, but, you know, we've got an order here. I wasn't at all advised by the Court, by anybody, that there was a hearing going on for an order. Mr. Graydon knew that that was going on, and he's denying it, just like he just told the Court, and he's perjured himself and said that he conferenced with me, and that is not true. And I will prove that not by a preponderance of evidence, Your Honor, but I'm going to prove it beyond a reasonable doubt that he's already perjured himself and lied to this Court.

He believes because he's an attorney, he comes from the attorney general's office that he can just say just about anything. Yes, I filed a lot of lawsuits, and some of them, like *Andrews*, I fought that case for eight years. Eight years. Eight years. But I filed that case with vigor because I knew, just like with this case, that I was right, and the

appellate court agreed with me. And the Texas Supreme Court would not even hear the defense at all because of the circumstances.

Now, this is the case that they say that Mr. Drake was declared a vexatious litigant, whereas the appellate court say this case has merit and the Texas Supreme Court says, I agree. You couldn't even get a better case than that. A rear-end collision, medical bills, and in the court's docket I've got affidavits of medical records, affidavits of costs, and Ms. Andrews lied 37 times in her deposition. Yet, because I'm an African-American, and a pro se litigant, we can declare Mr. Drake a vexatious litigant. That will stop him.

I'm asking the Court to deny their motion to declare me as a vexatious litigant. They have failed to prove the first prong as in *Drake v. Andrews*. My due process rights has been violated. I -- I can't get any of my witnesses here. It is wrong. It was wrong what they did with the motion to compel. They waited until I got here. There was no order, nothing, until I got here, and then all of a sudden we've got an order, you know, thank you very much, sir, you drove six hours, I'm sorry. It's wrong.

Thank you.

THE COURT: Reply.

MR. GRAYDON: Your Honor, to the extent that the Court might interpret a lack of certificate of conference in the motion to declare him a vexatious litigant that was filed on behalf of Seana Willing, I will stand here and I will tell the Court that prior to filing the motion, I did not confer with Mr. Drake.

However, when I became aware that the local rule required a conference, which was on August 7th, I asked Mr. Drake on that date if he was aware that the motion had been filed. I confirmed that he was, in fact, opposed to the motion. I confirmed that he was aware of the hearing that was scheduled for this date, and he told me expressly that he was going to be here on this date, and, in fact, he is here on this date.

I filed on August 7th the supplemental notice of hearing in which I have that certificate of conference in there. To the extent that there might have been some sort of procedural defect, I believe I have cured it. You have heard nothing from Mr. Drake as to how he was prejudiced by the fact that I conferenced with him on the matter on August the 7th, which was 12 days before today's date. You have heard

nothing suggesting that he was in any way prejudiced by the fact that the conference occurred on August 7th.

With respect to the suggestion that in order to succeed, a defendant must show that Mr. Drake has no hope -- reasonable hope of success against any of the defendants, you have heard no case law suggested to the Court that this is the case. There have been no filings with the Court suggesting that this is the case, in which any of those cases were identified.

Moreover, Mr. Drake has gone to the trouble of dismissing his case against all the defendants, which certainly indicates that he will not be successful in this cause of action against any of the litigants.

With respect to the motion to transfer, I'm not even addressing that, because that's not set. I didn't file a motion to transfer. I have no idea why that's being referenced.

With respect to the motion to compel, there's been no evidence presented to the Court that anyone could have been called to -- or a deposition was appropriate in this matter to demonstrate any of the elements to have him declared vexatious.

With respect to the requirement to show that he would not have been successful against Ms. Kastl, in the motion itself, I number the 25 things -- litigations that Mr. Drake has filed and that have been adversely determined against him within the last seven years. They are listed with the name, which court they're in, and the cause number for them. And the exhibits that are admitted into evidence support each of these 25. They are before the Court. I have not gone to the trouble of listing them, but they are listed in the motion itself, and the evidence is before the Court with respect to each of those 25.

Two of them are against Ms. Kastl, and they have been adversely determined against this plaintiff. In fact, one of them was against Ms. Kastl and Ms. Ogden and it has been determined adversely against the plaintiff; that is, *Eric Drake v. Kristina Nadine Kastl, et al*, in the 193rd District Court of Dallas County, Texas, Cause Number DC-13-14911. It is the 15th of the 25 that I list. 15th litigation. It is documented on Exhibits 31 through 33, which are before the Court in evidence.

In addition to that, the 18th litigation that I referenced is *Eric Drake v. Kristina Nadine Kastl, et al.*, in the County Court at Law

Number 5 of Dallas County, Texas, Cause Number CC-13-03247. And that is Exhibits 49 and 50.

And one moment, please, Your Honor.

And that also -- Exhibits 49 and 50 indicate that this lawsuit was filed against Kristina Nadine Kastle and Kastl Law, PC. And in the briefing, I have quoted Mr. Drake, who identifies the fact that Kristina Kastl and Kastl Law, PC, are the same entity.

Additionally, he has been declared vexatious by the Eastern District in Exhibit Number 1, and he was suggesting to the Court that that was not an order filing him -- finding him to be a vexatious litigant. I would ask the Court to look at Exhibit 1, particularly on page five, in which the Court says -- one moment, please, Your Honor. I want to make sure that I read this correctly to you.

On page five of Exhibit 1, there's a paragraph that reads, "As outlined by the Magistrate Judge, plaintiff has not only filed the current cases in this district, but he has also filed almost a dozen previous cases in the Eastern District of Texas alone. Given plaintiff's history of filing lawsuits involving the same or similar allegations, the Court agrees with the Magistrate Judge that the plaintiff is a vexatious litigant."

MR. DRAKE: Your Honor, that's a big difference between declaring me as a vexatious litigant. That particular federal judge was going by the *Andrews* case, which she was incorrect in believing that the *Andrews* case had declared me a vexatious litigant. In fact, the appellate court said, no, Mr. Drake is not. And they wouldn't let me even come in to have a hearing.

Moreover, Mr. Graydon just pointed out two cases of Ms. Kastl. Okay. Neither one of those cases was ruled against me improperly. Neither one.

Number one, the case that he's citing that's in Dallas County, that case got dismissed by me. Now, he doesn't have, probably, privilege to this, and I'll have to file that with the appellate court. So if you do rule against me, I will file a motion for new trial and put all of that evidence in there so the appellate court can see it.

Secondly, the case that he's talking about in the county court, there was no case ruled against me either, neither one. He's gotten misinformation and he's given this information to the Court erroneously.

Now, I will say this, with the county -- with the Dallas Court, he may not have that

information for some reason or another. But what I'm saying to you is that what he's doing is compiling a lot of cases here that the appellate court is going to look at, because, you know, if you rule against me, I'm going to file a motion for new trial and put all of that stuff into the record so that I can show it to the appellate court.

The -- the case in Dallas County, I'm telling the Court -- I'm not an officer of the Court, but I am a licensed minister for 32 years, and I'm telling the Court that that case was dismissed by me. By me. The judge couldn't do anything with that case. Ginsberg came too late, just like he's coming too late here with this case. And the county court case that he's referring to, no, again, that's not true either. And if the Court make a decision based upon these kind of facts -- well, these are not actually facts -- these erroneous suggestions to the Court, without giving me a chance to show the Court through briefing -- and I think that's the best way to handle this, is just to tell -- he's filed -- say, okay, Mr. Drake, if you feel like that's incorrect, file me a brief by blah, blah, blah, or I'm going to file a motion for new trial and file that and all of it is going to be there. And then right after I file that,

then I'm going to come right behind that with a motion -- a notice of appeal, and it's going to be in the appellate court, and they're going to say, well, Judge, I'm sorry, Mr. Drake is right.

He did dismiss that case in Dallas. He may not have that information. Mr. Drake, as far as the case that he's talking about in the county court at law, Ms. -- Ms. -- there was a dispute over Ms. Kastl's attorney's fees. This is where that Ms. Ogden and Ms. Kastl got in. And Ms. Kastl lied under oath three times because she was scared she was going to lose her license. So Ms. Ogden changed her transcript so that it wouldn't seem like she had done so. But the court gave her attorney's fees. That's not -- that's not a case that's ruled against me and against Ms. Kastl. I'm sorry. That -- that is not. That's not what the statute is for. It's not to go and hedge and find anything that Mr. Drake does. And that case is on appeal right now. And he's already said -- Mr. Graydon already said that, hey, cases that are on appeal is not found determined against me. I expect for the appellate court to agree with me. Ms. Kastl did a horrible job.

But this Court does not have everything before it right now. And to make a decision without

giving me a chance to properly respond would be an error, or, you know, if you -- if you declare it anyway, then I'm going to just, like I said, file a motion for new trial. I know what to do. I've done it many times. And then turn around and file an appeal. It's there. The appellate court is going to look at it and they're going to say, Mr. Drake is right again. He's right. He is right.

The cases that he's given the court, he does not have all the information. I want to be able to get that to this Court, to the trial court. And I'm asking the Court to take this under advisement, to give me a chance to respond in a brief - and he can respond - where I can attach whatever I need; but, nevertheless, it's still don't overcome the fact that I can't call in my witnesses here because they're -- they're blocking me. They're -- they're keeping me from proving my case.

I would love to have Ms. Kastl be on the stand. I would love to have Ms. Vikki Ogden there on the stand. I would love to have Ginsberg there on the stand. But I can't, because they'll stop me. They're tying my hands and then want me to -- want to declare me as a vexatious litigant. That is wrong.

MR. GRAYDON: May I continue,

Your Honor?

THE COURT: Could I have the exhibits?

MR. GRAYDON: Yes, sir.

THE COURT: And you may reply.

MR. GRAYDON: They are tabbed (indicating).

THE COURT: All right.

MR. GRAYDON: But they don't have stickers on them, do they?

THE REPORTER: Yeah, I've been stickering them while I've been writing.

MR. GRAYDON: Okay. Sorry.

THE REPORTER: No, they're not stickered.

THE COURT: No, they're not attached. You may reply.

MR. GRAYDON: Yes, Your Honor.

The evidence before the Court speaks for itself as to whether these have been adversely determined against Mr. -- Mr. Drake. They are supporting the 25 cases that are listed in the motion. The Court can review all the evidence that's before the Court, and it speaks for itself as to whether they have -- whether Mr. Drake has had at least five lawsuits that he filed, maintained, or prosecuted

within the last seven years that were adversely determined against him. I do not need to demonstrate all 25; I only need to show five. I have, in fact, provided the evidence to meet all 25.

I will suggest to the Court that it look on Exhibit 1, on page five, in which it says that it agrees that he is a vexatious litigant. I will ask the Court to turn the page and see the prefiling order that is the federal analog to the order that we are asking this Court to file. The suggestion that that court did not find him a vexatious litigant as -- in the understanding of Civil Practice and Remedies Code Chapter 11 is simply factually and legally incorrect.

Moreover, I would suggest that the Court look at Exhibit 48. Exhibit 48 is an opinion from the Court of Appeals in *Drake v. Consumer County Mutual Insurance Company*. It demonstrates two things that are significant to this. One is that that case, the opinion of which was handed down on September the 28th of 2010, was maintained by Mr. Drake as a pro se litigant within the last seven years; and that it was finally and adversely determined against him. But more significantly, this demonstrates, in the first paragraph, that in this case, Mr. Drake was attempting to appeal an order declaring him a vexatious litigant.

And that order apparently came about, according to this document, on appeal from the 44th Judicial District Court of Dallas County in Cause Number 09-04284; that he was attempting to appeal an order declaring him a vexatious litigant, and that his appeal was dismissed. That it was not reversed. The trial court's judgment was not reversed. It was dismissed on appeal, which is an adverse determination against him.

MR. DRAKE: No, it's not, Your Honor. And, again, he is misconstruing things. The reason why it was dismissed is because the appellate court had agreed that -- and, of course, I'd have to file all of this with the appellate court to review. But the *Andrews* case, that's what this is from. He's talking about the 44, that's from the *Andrews* case. That because the court had made a determination that the *Andrews* case had merit, when the 44th had signed that order back in 2004 regarding that same case, that when you have two cases that are of the same circumstances, that a court has made a ruling, then the latter case also is considered to be moot. So what he's doing now is trying to -- to alter the circumstances completely.

MR. GRAYDON: If I may continue,

49

Your Honor.

THE COURT: Yeah.

MR. GRAYDON: As you will see, the evidence speaks for itself. It is not in the *Andrews* case. It is in a different lawsuit. It is my understanding that the *Andrews* case was actually in the 68th District Court, which is --

MR. DRAKE: And that's where you're actually wrong, sir. And as I was saying, Your Honor, he's giving you --

MR. GRAYDON: If I may continue, Your Honor.

THE COURT: You can answer later.

MR. DRAKE: All right, sir.

MR. GRAYDON: This shows that the court did not overrule an order declaring him a vexatious litigant out of the 44th District Court against -- in the lawsuit, *Drake v. Consumer County Mutual Insurance Company*.

Your Honor, the evidence is here. As I have said, I have not included in my 25, which is expressly stated in the motion itself -- I have not included the additional litigations that have not been adverse -- finally adversely determined against him.

The motion is clear, and I don't want

the Court to get confused that some of these aren't final findings. The ones that are not final, I have not listed in those 25 cases. I have also not listed in those 25 cases, because it, under the statute, does not qualify, but it is relevant for considering the nature of Mr. Drake's actions. A case in the Third JP Court here in Travis County that Mr. Drake filed against the Fifth Court of Appeals, the Court of Appeals for Dallas, when they ruled in a way that he did not like.

MR. DRAKE: Objection. Small claims courts cases are not relevant, and it's just hearsay.

THE REPORTER: It's just what?

MR. DRAKE: It is not relevant. Those small claims court cases are not relevant.

And moreover, Your Honor, the biggest thing here, as in the *Andrews* case, Mr. Graydon has filed a lot of paperwork with the Court, just like the previous attorneys have. But one thing he has failed to do is to show this Court that I would be -- it would be impossible or unlikely for me to be successful against each and every one of those defendants in this case. He has failed to do so. He has given this Court misinformation, false information. And because the Fifth Circuit has

already said that you have to -- that prong, you have to prove that it is a reasonable probability that I won't be successful. And he has failed to do so against each and every one of the defendants in this case. He'll have to do that. He's avoided it, but he cannot do so, and I know he can't. And without doing that, the Court cannot declare me as a vexatious litigant without the appellate court reversing it. Just like in the *Andrews* case, I will bring it right back up again. And then, too, with the due process problems, stopping me from getting my witnesses here so that I can show the Court that this case is good, this case is good, this case has merit, I have a right to be able to call these people. I did everything I could do. I did everything that is humanly possible. I tried to notice them for deposition. They quashed that. I tried to --

THE COURT: You're repeating now. You said that several times.

MR. DRAKE: Yes, sir. Well, he's repeating himself, too, quite a few times.

THE COURT: I agree.

MR. DRAKE: Quite a few times.

What I'm saying here, Your Honor, is that he failed to -- to show the Court that first

prong, and that's what in the *Andrews* case was so significant to the appellate court. I argued that case where the -- where the judges said to the defense, now, show me how this case does not have merit. And, of course, he just about swallowed the whole courtroom, but he couldn't. Neither can Mr. Graydon show this Court that. He can't show this Court that.

THE COURT: Anything further?

MR. GRAYDON: Your Honor, Mr. Drake was noticed for the hearing today. All evidence has been put forth for the hearing. I have nothing further.

THE COURT: Defendant's motion is granted.

MR. GRAYDON: May I present the Court with a proposed order?

THE COURT: You may. Give Mr. Drake a copy.

MR. DRAKE: I will be filing a motion for a new trial, and then I will file a motion for appeal.

THE COURT: That's your right.

MR. DRAKE: Yes, sir.

MR. GRAYDON: And, Your Honor, so that the Court is aware, on the first page of the proposed

order that I -- I wrote, I start a paragraph saying, "In accordance with Texas Rules of Civil Procedure," and I say, "this Court," I would suggest to the Court that when I drafted this, I did not know a visiting judge who was not subject to the motion to recuse would be hearing it. I would suggest that instead of the words "this Court," it could be substituted with a judge subject to a motion to recuse or the respondent judge, either one of which I think - I presented you with Rule 18a - might be a better language for those two words.

THE COURT: You may print it in.

MR. GRAYDON: Yes, sir.

MR. DRAKE: The plaintiff would also like to have your reasons for your decision, Your Honor.

THE COURT: That's not proper at this time. Request is denied.

MR. DRAKE: Well, I will be filing, like I said, my motion for new trial, and then I will put everything in there, and then I will also file a motion for appeal.

Now, you realize, Mr. -- Mr. Graydon, that this order here is not going to be effective to stopping me from filing anything in state court until

after the appellate court has made a ruling on it. You realize that, don't you?

THE COURT: Also --

MR. DRAKE: Then he don't know. Okay.

THE COURT: Also, there will be no security. I'm going to mark that out.

MR. GRAYDON: Yes, sir.

MR. DRAKE: No, he couldn't get security. Thank you, Judge.

So now we've -- so now that you've declared me as a vexatious litigant, and everything else, and the Court is -- and the case is -- is nonsuited, I guess I can't file a -- I won't be able to file a -- well, then, procedurally, the --

THE COURT: I can't give you legal advice. You'll have to do it on your own.

Court is recessed.

REPORTER'S CERTIFICATE

STATE OF TEXAS        )
                      )
COUNTY OF TRAVIS      )

I, Rhonda Watson, Official Court Reporter in and for the 353rd District Court of Travis County, Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings does not include the exhibits offered in evidence, per the request of Plaintiff.

I further certify that the total cost for the preparation of this Reporter's Record is $378.00 and was **not** paid by Plaintiff due to claim of indigency.

WITNESS MY OFFICIAL HAND this the 2nd day of October, 2014.

_____/s/ Rhonda Watson_____
Rhonda Watson, Texas CSR No. 2022
Expiration Date: 12/31/2014
Official Court Reporter, 353rd District Court
Travis County, Texas
P.O. Box 1748, Austin, Texas 78767
Telephone (512) 854-9356